## *In re* WILLIAM A. NORRIS.

### No. 11364.

1. ATTORNEY AT LAW—*Disbarment—Proceedings for Review.*
Section 16, chapter 90, General Statutes of 1897 (Gen. Stat. 1889,
¶ 401), provides that upon the trial of an accusation against an at-
torney at law, made to secure an order revoking his license to
practice, the evidence upon the hearing shall be "reduced to writ-
ing, filed, and preserved"; and section 18 provides that an appeal
from an order of revocation shall be made upon "the original pa-
pers together with a transcript of the docket entries." *Held*, that
a copy of the stenographer's notes taken upon the trial, not incor-
porated in a bill of exceptions or case-made settled and allowed by
the judge, is not an "original paper," and errors claimed to be
shown by such notes of evidence cannot be considered by this
court.

2. ———— *Case Followed. In re Fleharty*, 59 Kan. 776, 53 Pac.
129, explained and followed.

3. ———— *Previous Conviction Unnecessary—County Attorney
—Jury Trial.* In the trial of an accusation against an attorney
at law made to secure an order revoking his license to practice,
which accusation charges offenses committed by him in his pro-
fessional character as an attorney, and which likewise constitute
offenses against the criminal laws, a previous conviction on indict-
ment or information is not necessary to give the court jurisdiction
to hear the accusation and revoke the license; nor does the fact
that the acts charged against the accused were committed by him
in his capacity as county attorney exempt him from trial upon the
accusation; nor is he entitled upon such trial to a hearing by a
jury.

Appeal from Saline district court; R. F. THOMPSON,
judge. Opinion filed June 10, 1899. Affirmed.

*R. A. Lovitt, E. W. Blair*, and *John D. Milliken*, for
the appellant.

*Thomas L. Bond, Z. C. Millikin*, and *R. A. Burch*,
prosecuting committee.

The opinion of the court was delivered by

DOSTER, C. J.: This is an appeal by William A.
Norris from an order of the district court of Saline

county revoking his license to practice as an attorney and counselor at law and removing him from the said office of attorney and counselor. Upon written representations that Norris had been guilty of a wilful violation of his duties as an attorney and counselor, signed by a number of citizens, the court appointed a committee of members of the bar of Saline county to investigate his conduct and report the result of such investigation, and to prepare and file charges against him if the result of their investigation should warrant. An investigation was made by the committee and a report filed by it. Accompanying the report, the committee filed a formal accusation against the attorney, charging him in one count with having, in his capacity as county attorney of Saline county and attorney for the state of Kansas, demanded and received a certain fee or reward for the institution and prosecution of a criminal action before a justice of the peace; and in two other counts with having, as such county attorney and attorney for the state of Kansas, demanded and received fees or rewards for the dismissal of certain criminal prosecutions for the violation of the prohibitory liquor law; and in a fourth count with having dictated and caused to be written and falsely prepared a paper purporting to be a copy of a summons issued out of the district court in a certain civil action in which he was employed as the plaintiff's attorney, the original of which summons had not been issued out of such court under the hand and seal of the clerk, and with having caused such paper to be served by an officer as a copy of valid process.

Service of this accusation together with a rule to plead thereto was made upon Norris. Upon the rule day he appeared and filed a motion for a change of venue

which was overruled, and after it a motion for a continuance which was also overruled. He then filed a demurrer to the accusation which was likewise overruled, and following it filed an answer, consisting in part of a denial of the charges made and in part of allegations of matter explanatory of his conduct in respect to the charges, and also in a further particular of matter in the nature of a plea of former trial and acquittal on one of the charges. To the new matter contained in the answer a general denial was filed. The accused thereupon demanded a jury for the trial of the case, which was refused. Proper exceptions to all these adverse rulings were made. A trial was then had to the court, resulting in the order of revocation and removal before mentioned. Motions for new trial and in arrest of judgment were made and overruled and exceptions preserved.

The case comes to us upon a record made up of the originals of all the papers filed in the case, together with a translation or copy of the stenographer's notes of testimony upon the hearing of the motions for change of venue and continuance and upon the hearing of the trial proper. None of the testimony has been brought to us either in the form of a case-made or a bill of exceptions. The various papers composing the record are named and described by the clerk of the district court, and are certified by him to be "the original papers in a certain action pending entitled 'In the matter of William A. Norris, an attorney at law,' and all the original papers therein, as the same appear on file, . . . and are all the informations, accusations, pleadings, motions, orders, evidence, judgments and proceedings of whatsoever kind or nature had therein." Among the papers thus listed by the clerk and certified by him as "original pa-

pers " is the stenographer's transcript of testimony. It is scheduled and named by him "Evidence taken on trial."

We are asked to review the evidence with a view to determine its sufficiency to prove the accusations made and to sustain the judgment of disbarment pronounced, and also to determine from it whether the court erred or abused its discretion in refusing to grant the change of venue and the motion for continuance. Whether the determination of any of these matters involves the consideration of questions of disputed fact is immaterial in the view we have of the disposition to be made of the case. If our attention is challenged merely to controverted matters of fact, we would not be at liberty, under the often enunciated rule, to enter upon their examination. If, however, such is not the case, if the evidence was not conflicting, and if on it no questions other than those of law arise, we are equally powerless to give consideration to it, for the reason that the appellant has not brought it to us in the proper form for review. The statute in relation to the disbarment of attorneys and trials and appeals in such cases as this is chapter 90, General Statutes of 1897. Sections 16 and 18 read as follows :

"§ 16. To the accusation he (the attorney) may plead or demur, and the issues joined thereon shall in all cases be tried by the court, all the evidence being reduced to writing, filed, and preserved."

"§ 18. In case of a removal or suspension being ordered by the district court an appeal therefrom lies to the supreme court, and all the original papers, together with a transcript of the docket entries, shall thereupon be transferred to the supreme court, to be there considered and finally acted upon. A judgment of acquittal in the district court is final." (Gen. Stat. 1889, ¶ ¶ 401, 403.)

The appellant in this case has misinterpreted these two sections.  He has conceived the evidence, after its reduction to writing and its filing and preservation as required by section 16, to be an "original paper" within the meaning of section 18.  It is not an original paper.  Evidence taken upon the trial of a case, even when reduced to writing, cannot be classed as a paper in the case, much less as an original paper.  By the "papers" are meant those which are the foundation of the action or defense and those which attest or exhibit some interlocutory proceeding taken in the case.  Evidence taken upon the trial of a case does not become a "paper" in it except when preserved in the form of a case-made or bill of exceptions.  It takes a judicial act of the trial judge to determine what has been the testimony in a case.  His judgment is manifested by the certification of a case-made or the allowance of a bill of exceptions.  There is no other way of identifying matter as testimony or of proving that all of it has been collected.  (*Bass v. Swingley,* 42 Kan. 729, 733, 22 Pac. 714; Elliott, App. Proc., § 798.)

At the close of the stenographer's transcript of testimony the statement is made that "the above and foregoing was all the testimony taken on the trial of the case."  This fact, if it be such, was certified as true by no one except the clerk, who, in the above-quoted certificate, declares that "said originals are all the accusations, pleadings, motions, orders, *evidence,* judgments and proceedings of whatsoever kind or nature."  By what authority the clerk certifies to the correctness or completeness of evidence in a case we cannot conceive.  Certainly no statute confers such authority.  In the preparation of a case-made or bill of exceptions it is correct practice for counsel prepar-

ing the record to assert its completeness as to testimony, but in such cases the court in its settlement of the case or the bill judicially certifies. to the correctness of the statement. (*McCoy v. Able*, 131 Ind. 417, 30 N. E. 525 and 31 N. E. 453.) In this case there is not even an agreement of counsel to the fulness and completeness of the testimony we are asked to review. Even if the record, looked at as a whole, together with its implications, could be regarded as containing such agreement, or as containing a waiver of informal preparation, it would be ineffectual to enable us to enter upon its consideration. "Neither the certificate of the clerk of a district court, nor the agreed statement of counsel as to what occurred at a trial, can be made to supply the place of a bill of exceptions taken in accordance with the statute ; and when matter is sought to be brought into the record by such means it will be disregarded by the supreme court." (*The State v. Bohan*, 19 Kan. 28.) The same is true as to a case-made. (*Hodgden v. Comm'rs of Ellsworth Co.*, 10 Kan. 637.)

An appellate court can review the action of an inferior one only upon the record of the proceedings of the lower tribunal certified as correct by some responsible authority. An appellate court must be positively assured as to what transpired in the inferior one before it can enter upon the consideration of the claims of error made. What evidence was offered and either received or rejected, what rulings were made and what exceptions preserved, what interlocutory proceedings were had, must be exhibited in some formal, authentic and indisputable manner. If the proceedings consist of nothing more than the record proper—that is, the pleadings, process, and judgment—they do not need to be made up and settled ;

*In re* Norris.

they are already made up and settled, and their authenticity is established by the certificate of the clerk as custodian of the records. But if they consist of the transitory events and incidents of the trial, they must be noted and preserved for the purpose of remembering their occurrence and reviewing their correctness. The duty of doing this is the duty of the court, aided by the clerk, stenographer, attorneys, and other officers. The duty of determining and settling these matters and putting them in the form of a memorial of the events of the trial, being thus cast upon the court, is judicial in its nature. Being judicial it cannot be delegated, As remarked by Chief Justice Elliott, in *McCoy v. Able*, supra, it is so entirely judicial that even the legislature cannot impose the duty upon any other than a judicial officer. It must be done in the form of a bill of exceptions or a case-made, settled and signed by the judge. These, particularly the first, are the immemorial methods by which matters not composing parts of the record proper are made such and authenticated to appellate tribunals for purposes of review. It is safe to say that any other method, if allowable at all, must be prescribed in clear and unambiguous language, and not be left to conjecture or doubtful and uncertain construction.

The mistake of the appellant in this case was in conceiving the evidence, which by section 16, *supra*, is to be "reduced to writing, filed, and preserved," as being filed and preserved for purposes of review *in that form* by this court. It needs but short reflection to discern the error of this view. The statute requires the evidence to be "filed." Manifestly this means filed in the court in which the proceeding was had. It likewise requires it when filed to be "preserved." It is equally manifest that this means preserved in

the court in which it was filed. It cannot be preserved in that court if it is to be brought to this court for purposes of review, because when brought here it must be filed here, and also preserved here as a part of a record in this court. The purpose of the statute is to preserve the evidence taken upon the trial in the court in which taken for future reference — for vindication of the attorney in case of his acquittal, and for vindication of the court in case of his disbarment.

Upon the point of practice under consideration this case is identical with *In re Fleharty*, 59 Kan. 776, 53 Pac. 129. However, the statement of facts and the opinion in that case were quite brief and, perhaps, lacking in clearness. They should have been more amplified in order to a satisfactory understanding of the case, and the law as it was then and is still viewed. As in this case, the record in that one contained no bill of exceptions or case-made, but was made up of what were certified by the clerk to be "the original papers." Included among these papers were the stenographer's transcript of testimony and some documentary evidence which had been identified by witnesses. What was meant by that decision was that such part of the record in an appeal of that character as could only be exhibited to a reviewing court in the form of a bill of exceptions or case-made must be put in that form, and that the clerk's certificate that the prefixed papers were original papers filed in the cause and not transcripts of records properly made up was not sufficient to bring the case before us for review. What is meant by "original papers" in section 18 of the statute before quoted we did not undertake in the case of Fleharty, and do not now undertake, to determine. It is sufficient for the necessities of both cases to determine that a transcript of evidence introduced

*In re* Norris.

upon the trial of a case of this character is not an original paper, and cannot be brought into the record of an appeal except in the way hereinbefore indicated. We are unable, therefore, to review the action of the court below concerning questions arising upon the evidence in the case.

There are therefore withdrawn from our consideration all questions relating to errors predicated upon the testimony in respect to the motions for change of venue and for continuance, and also all questions relating to errors occurring upon the trial, including the question of the sufficiency of the evidence, as a matter of law, to sustain the judgment of disbarment. For the same reason the ruling of the court upon the motion for a new trial cannot be reviewed. There remain therefore for consideration only the rulings upon the demurrer, the refusal of a jury trial, and the denial of the motion for arrest of judgment. The first and last involve the same question and may be considered together. Appellant claims that the derelictions of professional duty charged against him were criminal offenses, and that a prerequisite to the revocation of his license to practice was his trial and conviction by due process of law in the courts. This was not the case. The necessary implications from the statute are to the contrary. Section 13, chapter 90, General Statutes of 1897, reads as follows:

"The following are sufficient causes for such revocation or suspension: (1) When he has been convicted of a felony or of a misdemeanor involving moral turpitude, in either of which cases the record of conviction is sufficient evidence; (2) when he is guilty of a wilful disobedience or violation of the order of the court requiring him to do or forbear an act connected with or in the course of his profession; (3) neglecting or refusing, on demand, to pay over money

42—60 KAN.

in his hands, due or belonging to a client; (4) destroying, secreting, fraudulently withdrawing, mutilating or altering any paper or record belonging to the files or records in any action or proceeding; (5) for the wilful violation of any of the duties of an attorney or counselor.'' (Gen. Stat. 1889, ¶ 398.)

By this section it is seen that convictions of felony or of misdemeanor involving moral turpitude are made sufficient cause for revocation of license to practice. By it the record of such conviction is made sufficient evidence upon which to base an order of disbarment. This statute, however, neither by its language nor by its implications makes a record of conviction of an offense involving moral turpitude the only evidence of an attorney's unworthiness to practice. It simply declares that to be sufficient evidence. It provides differently as to some offenses for which conviction has not occurred. · It specifies certain acts involving moral turpitude, and which constitute felonies by other statutory provisions, as sufficient causes for revocation. One of these is neglect by the attorney, on demand, to pay money in his hands belonging to his client. Another is destroying, mutilating or altering files or records in court proceedings. As to these, therefore, no previous conviction is necessary. Another cause for revocation of license enumerated by this section is ''the wilful violation of any of the duties of an attorney or counselor.'' As to this, even though the act constituted an offense involving moral turpitude, conviction is not required. For this cause the charges in question were brought against the appellant. A reading of section 13 would seem to show that for offenses committed by an attorney in his character as such attorney his license to practice may be revoked without a previous trial or conviction, even though the offenses constitute indictable crimes;

*In re* Norris.

but for offenses not committed by him in his character
as an attorney a conviction must be first obtained,
but even in the latter case many courts have held that
a conviction was not a prerequisite to proceedings in
disbarment.    Be this as it may, the charges against
the appellant in this case related to him in his profes-
sional character and duty strictly.    According to one
of them he demanded and received a bribe to institute
a criminal prosecution.    According to two others he
demanded and received bribes for the dismissal of
criminal prosecutions.    According to another he falsi-
fied judicial process.    Every act charged against him
related to his professional conduct as a representative
of others or as a prosecutor of suits against others.
Every act charged against him related to his actual
practice of law, to his pursuit of remedies in court in
his capacity of an administrator of justice.    By the
common law and by the statute quoted, the court, as
the authorized censor of the conduct of its officers, was
empowered summarily to inquire into his practices in
the respects named, and to strike his name from the
rolls upon proof of the accusations.

The fact that some of the acts charged against him
were acts of official malfeasance committed in his
capacity as county attorney can make no difference.
He performed them as an attorney at law — as an
official of the court as well as an officer of the county.
While we have previously held that a county attorney
need not be a duly admitted and licensed member of
the bar (*The State v. Swan*, ante, p. 461, 56 Pac. 750),
yet, if he be such, he must, in representing the inter-
ests of his *quasi*-corporate client, be governed by those
rules of professional conduct under which justice must
needs be administered to public as well as to private
litigants.

The demand for a jury trial was rightly refused. By section 16, *supra*, issues in cases of this kind. are triable by the court. The authorities are all likewise to the effect that in such cases juries are not demandable as of right. Upon the two questions last discussed we have not taken the trouble to collate decisions or to elaborate in reasoning. The law is well settled — settled with but slight dissent upon the part of the courts or individual judges. A review of the cases and a statement in full of the reasoning upon which they proceed will be found in *Ex parte Wall*, 107 U. S. 265, 2 Sup. Ct. 569.

The judgment of the court below will be affirmed.