## *In re* BIGGERS.

No. D-4. Opinion Filed October 20, 1909.

(104. Pac. 1083.)

1. **CRIMINAL LAW—Immunity to One Furnishing Evidence.** The provision of section 27, art. 2, Const., granting immunity from being "prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter, or thing concerning which he may so testify, or produce evidence," relates only to criminal action, and not to civil proceedings, in which such "transaction, matter, or thing" may be involved.

2. **ATTORNEY AND CLIENT—Disbarment—Civil Proceeding.** An action by virtue of sections 232-237 (sections 10-15, c. 7) Wilson's Rev. & Ann. St. 1903, is a civil proceeding.

(Syllabus by the Court.)

Original proceedings for the disbarment of Virgil R. Biggers. Respondent disbarred.

*Tom D. McKeown* and *W. I. Gilbert,* for relator.—Citing: *Cobb v. Wm. Kenefick* (Okla.) 100 Pac. 545; *Gosslink v. Campbell,* 4 Iowa, 300; *U. S. v. Chouteau,* 102 U. S. 611; 13 A. & E. Enc. L. (2d Ed.) 53; *In re Brown,* 2 Okla. 590; *Ex parte Wall,* 107 U. S. 265; *State of Maryland v. Railroad Co.,* 3 How. (U. S.) 552; *Herriman v. Railroad Co.,* 57 Iowa, 191; *U. S. v. Reisinger,* 128 U. S. 402; *State ex rel. v. Roasman* (Wash.) 101 Pac. 357; *In re Henderson,* 88 Tenn. 531; *State v. McClaugherty,* 33 W. Va. 250; *Ex parte Cole,* 1 McCrary (U. S.) 405; *Sefast's Case,* 116 Pa. St. 455; *Delano's Case* (N. H.) 43 Am. Rep. 555.

*Stuart & Gordon,* for respondent.—Citing: *In re Payton,* 12 Kan. 315; *Beckner v. Com.* (Ky.) 103 S. W. 378; *In re Collins* (Cal.) 81 Pac. 220; Starkie on Evidence, sec. 4; *People v. Forbes,* 143 N. Y. 219; *Brown v. U. S.,* 168 U. S. 533; *Counselman v. Hitchcock,* 142 U. S. 547; *Boyd v. U. S.,* 116 U. S. 631.

WILLIAMS, J. The question for determination in this case is, the respondent having been legally called upon to give testimony or produce evidence that tended to establish his guilt of the offense

of having received a bribe as county attorney of Pottawatomie county, causing a wilful violation of his duties as such attorney, whether or not section 27, art. 2, Const. Okla., providing that "no person shall be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter, or thing concerning which he may so testify, or produce evidence," grants such immunity as will preclude this court from disbarring respondent on account of such transaction, although such dereliction is established otherwise than through the evidence or admissions of said respondent. Said section 27, art. 2, *supra,* was incorporated in the Constitution of this state in view of the fifth amendment to the federal Constitution, which provides that "no person shall be compelled in any criminal case to be a witness against himself." It would not be amiss to look in the history of such statutes passed by the Congress of the United States.

Act Cong. February 25, 1868, c. 13, 15 Stat. 37, provides as follows:

"That no answer or other pleading of any party, and no discovery, or evidence obtained by means of any judicial proceeding from any party or witness in this or any foreign country, shall be given in evidence, or in any manner used against such party or witness, or his property or estate, in any court of the United States, or in any proceeding by or before any officer of the United States, in respect to any crime, or for the enforcement of any penalty or forfeiture by reason of any act or omission of such party or witness." .

Section 860 of the Revised Statutes of the United States (U. S. Comp. St. 1901, p. 661), which is a substantial re-enactment of said provision of February 25, 1868, provides as follows:

"No pleading of a party; nor any discovery or evidence obtained from a party or witness by means of a judicial proceeding in this or any foreign country, shall be given in evidence, or in any manner used against him or his property or estate, in any court of the United States, in any criminal proceeding, or for the enforcement of any penalty or forfeiture."

Section 12 of an act to regulate commerce, approved February 4, 1887 (Act Feb. 4, 1887, c. 104, 24 Stat. 383 [U. S. Comp. St. 1901, p. 3162] ), also provides for the production of papers and

the attendance and testimony of witnesses, with the stipulation that the claim that such testimony or evidence may tend to incriminate the person giving such evidence shall not excuse such witness from testifying; but such evidence or testimony shall not be used against such person on trial in a criminal proceeding. Such provision is reincorporated in section 3 of an act approved March 2, 1889 (Act March 2, 1889, c. 382, 25 Stat. 858).

On January 11, 1892, the Supreme Court of the United States, in the case of *Counselman v. Hitchcock,* 142 U. S. 547, 12 Sup. Ct. 195, 35 L. Ed. 1110, said:

"It is quite clear that legislation cannot abridge a constitutional privilege, and that it cannot replace or supply one, at least unless it is so broad as to have the same extent in scope and effect. It is to be noted of section 860 of the Revised Statutes that it does not undertake to compel self-criminating evidence from a party or a witness. In several of the state statutes above referred to the testimony of the party or witness is made compulsory, and in some either all possibility of a future prosecution of the party or witness is distinctly taken away, or he can plead in bar or abatement the fact that he was compelled to testify. We are clearly of opinion that no statute which leaves the party or witness subject to prosecution after he answers the criminating questions put to him can have the effect of supplanting the privilege conferred by the Constitution of the United States. Section 860 of the Revised Statutes does not supply a complete protection from all the perils against which the constitutional prohibition was designed to guard, and is not a full substitute for that prohibition. In view of the constitutional provision, a statutory enactment, to be valid, must afford absolute immunity against future prosecution for the offense to which the question relates."

After the decision in the Hitchcock Case, Congress, on February 11, 1893, passed an act entitled "An act in relation to testimony before the Interstate Commerce Commission, and in cases or proceedings under or connected with an act entitled 'An act to regulate commerce,' approved February 4th, 1887, and amendments thereto." Act Feb. 11, 1893, c. 83, 27 Stat. 443 (U. S. Comp. St. 1901, p. 3173). In that act it is provided:

"That no person shall be excused from attending and testifying or from producing books, papers, tariffs, contracts, agreements and

documents before the Interstate Commerce Commission, or in obedience to the subpœna of the commission, whether such subpœna be signed or issued by one or more commissioners, or in any cause or proceeding, criminal or otherwise, based upon or growing out of any alleged violation of the act of Congress, entitled, 'An act to regulate commerce,' approved February fourth, eighteen hundred and eighty-seven, or of any amendment thereof on the ground or for the reason that the testimony or evidence, documentary or otherwise, required of him, may tend to criminate him or subject him to a penalty or forfeiture. But no person shall be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter or thing, concerning which he may testify, or produce evidence, documentary or otherwise, before said commission, or in obedience to its subpœna, or the subpœna of either of them, or in any such case or proceeding. Provided, That no person so testifying shall be exempt from prosecution and punishment for perjury committed in so testifying."

This act is practically the same as the section of the Constitution now under consideration, and is supposed to have been passed in view of the decision of the Supreme Court of the United States in *Counselman v. Hitchcock, supra.* In the case of *Brown v. Walker,* 161 U. S. 591, 16 Sup. Ct. 644, 40 L. Ed. 819, that court said:

"* * * In *Counselman v. Hitchcock* it was intimated that the witness might be required to forego an appeal to the protection of the fundamental law if he were first secured from future liability and exposure to be prejudiced in any criminal proceeding against him as fully and extensively as he would be secured by availing himself of the privilege accorded by the Constitution. To meet this construction of the constitutional provision the act in question was passed exempting the witness from any prosecution on account of any transaction to which he may testify. The case before us is whether this sufficiently satisfied the constitutional guaranty of protection. The clause of the Constitution in question is obviously susceptible of two interpretations. If it be construed literally, as authorizing the witness to refuse to disclose any fact which might tend to incriminate, disgrace, or expose him to unfavorable comments, then as he must necessarily to a large extent determine upon his own conscience and responsibility whether his answer to the proposed question will have that tendency (1 Burr's Trial, 244; *Fisher v. Ronalds,* 12 C. B. 762; *Raynell*

*v. Sprye,* 1 De Gex, McN. & G. 656; *Adams v. Lloyd,* 3 H. & N. 351; *Merluzzi v. Gleeson,* 59 Reynolds, 20 Ch. Div. 294; *Ex parte Schofield,* 6 Ch. Div. 230), the practical result would be that no one could be compelled to testify to a material fact in a criminal case unless he chose to do so, or unless it was entirely clear that the privilege was not set up in good faith. If, upon the other hand, the object of the provision be to secure the witness against a criminal prosecution, which might be aided directly or indirectly by his disclosure, then, if no such prosecution be possible—in other words, if his testimony operate as a complete pardon for the offense to which it relates—a statute absolutely securing to him such immunity from prosecution would satisfy the demands of the clause in question. Our attention has been called to but few cases wherein this provision, which is found with slight variation in the Constitution of every state, has been construed in connection with a statute similar to the one before us, as the decisions have usually turned upon the validity of statutes providing, as did section 860, that the testimony given by such witness should never be used against him in any criminal prosecution. It can only be said in general that the clause should be construed, as it was doubtless designed, to effect a practical and beneficent purpose—not necessarily to protect witnesses against every possible detriment which might happen to them from their testimony, nor to unduly impede, hinder, or obstruct the administration of criminal justice."

It will be observed that this immunity applies only to criminal proceedings or prosecutions, and that construction by the Supreme Court of the United States was well understood at the time that said provision was taken substantially from the acts of Congress and incorporated in section 27, art. 2, of the Constitution of this state, and, being supported by reason, we follow such construction.

It is further essential to determine whether or not a disbarment proceeding in this state is a criminal action. That it is not has been settled. *In re Brown,* 2 Okla. 590, 39 Pac. 469; sections 232, 234, 235, Wilson's Rev. & Ann. St. 1903. And in this case, whilst the respondent may be granted immunity from any punishment, penalty, or forfeiture in any criminal proceeding, yet this does not operate as a bar to the action to disbar him from practicing as an attorney and counselor at law in the courts of this state. In the case of *In re Anonymous,* 86 N. Y. 571, which was a disbarment proceeding, the New York Court of Appeals said:

"If one had been indicted and convicted for arson of a building, a pardon would not raise the building from its ashes. The fact would remain that it was burned to the ground, and by his act. If he was of such wealth as to be able to answer in damages to the owner, it would be no rebuttal of proof, in a civil action therefor, that he had been pardoned of his infraction of the criminal law. If he showed no more, a verdict would rightfully go against him, and he must be cast in judgment. The right of action of the owner for the private harm done to him could not be taken away by the act of executive clemency that excused and obliterated the public wrong. The act, in its bearing and effect upon objects and relations other than the criminal law, remains a live truth, and still capable at times of affecting judicial action. It may no more be styled arson or forgery. It can be treated and weighed as other conduct toward a fellow man."

See, also, *State ex rel. Mackintosh v. Rossman* (Wash.) 101 Pac. 357, 21 L. A. (N. S.) 821; *In re Henderson,* 88 Tenn., 531, 13 S. W. 413; *Baker's Case,* 73 Ky. 592; *Mills' Case,* 1 Mich. 392; *Smith's Case,* 1 Yerg. 228; *In re Woolley,* 74 Ky. 95; *Austin's Case,* 5 Rawle, 191, 28 Am. Dec. 657; *Jackson v. State,* 21 Tex. 668; *State v. McClaugherty,* 33 W. Va. 250, 10 S. E. 407; *Ex parte Cole,* 1 McCrary, 405, Fed. Cas. No. 2,973; *Serfass' Case,* 116 Pa. 455, 9 Atl. 674; *Sharon v. Hill* (C. C.) 24 Fed. 726; *Ex parte Burr,* 9 Wheat. 529, 6 L. Ed. 152; *Ex parte Secombe,* 19 How. 9, 15 L. Ed. 565; *Ex parte Wall,* 107 U. S. 265, 2 Sup. Ct. 569, 27 L. Ed. 552; *Ex parte Bradley,* 7 Wall. 364, 19 L. Ed. 214.

In the petition filed against the respondent it is specifically alleged that at different times and places he had received from divers persons different sums of money in consideration, or as bribes, for the willful violation of his duties as attorney for Pottawatomie county, and, further, it is alleged that in the trial of a certain cause in the district court of said county that he had been required, after refusing to testify, to give testimony in which he made admissions that he had received bribes at different times and places from divers persons for the willful violation of his duty as such attorney. Without denying any of the allegations, he has pleaded in bar the grant of immunity by virtue of section 27, art. 2, Const. Hence it is not necessary to decide in this case as to

whether or not such admissions made by the respondent as a witness in said action could be used against him in this proceeding. That question is specially reserved.

Judgment is accordingly here rendered revoking the license as an attorney and counselor at law heretofore issued to respondent, and striking his name from the attorneys' roll of this court.

Kane, C. J., and Dunn and Turner, JJ., concur; Hayes, J., concurs in the conclusion.