## SCOTT v. AUSTIN.

No. 2783.   Decided Oct. 6, 1915.   Rehearing denied Nov. 30, 1915.
(152 Pac. 1178.)

1. APPEAL AND ERROR—REVIEW—WEIGHT OF EVIDENCE—CONSTITU-
   TIONAL PROVISION.   Under the Constitution the Supreme Court
   cannot pass upon the weight of the evidence in law cases, re-
   gardless of whether it is presented to the trial court orally or
   in documentary form.   (Page 249.)

2. PAYMENT—BURDEN OF PROOF.   Payment is an affirmative de-
   fense, and the burden of proving it rests on the party plead-
   ing it.   (Page 250.)

3. APPEAL AND ERROR—HARMLESS ERROR—FINDINGS AND CONCLU-
   SIONS—SIGNING IN ANOTHER DISTRICT.   A case was tried in a
   district court in a county within the Third judicial district by
   a judge of the First judicial district called under the statute,
   who, after hearing the evidence, indicated what his findings
   and judgment would be, and, before they could be prepared, re-
   turned to his home district and there signed the findings and
   conclusions which had been mailed to him, and returned them to
   the Third district, and upon the questioning of his authority
   to sign findings out of the district where the case was tried,
   came to that district and signed and filed new findings and con-
   clusions and entered a judgment in conformity with the prior
   judgment, and filed such findings before appeal and while the
   case was pending in the district court.   *Held*, that error, if any,
   in signing findings, etc., out of the district in which the case
   was tried was immaterial, in view of the subsequent action
   of the judge.   (Page 250.)

Appeal from District Court, Third District; Hon. *J. D. Call*, Judge.

Action by J. H. Scott against R. M. Austin.

Judgment for defendant.   Plaintiff appeals.

AFFIRMED.

*C. W. Collins* for appellant.

*Howat, MacMillan & Nebeker* for respondent.

FRICK, J.

The plaintiff, in his complaint, alleged that there was a balance due him from the defendant on three certain promissory notes. The defendant, in his answer, admitted the execution and delivery of the notes sued on, and averred payment thereof. The case was tried in Salt Lake county by Hon. Justin D. Call, judge of the First judicial district, he having been requested to do so under our statute by one of the district judges of Salt Lake county. At the conclusion of the evidence the court found that the notes were paid as alleged in the answer, and ordered judgment for the defendant, and the plaintiff appeals.

Plaintiff's counsel contends: (1) That the evidence does not sustain the court's finding; (2) that it appears that the court signed the findings of fact and conclusions of law outside of the judicial district where the case was tried, that the judge was without power to do so, and that, therefore, his act in that regard is a nullity; (3) that the court erred in requiring plaintiff to prove nonpayment of the notes; and (4) that the findings are vague and uncertain.

The case is one at law, and if there is any substantial evidence of payment, we are powerless to review that question. Without going into detail, it must suffice to say that there is not only some substantial evidence of payment in the record, but it is ample to sustain the court's findings. Appellant's counsel, however, suggest that, inasmuch as all the evidence, except that given by the defendant personally, "is documentary," it "can be weighed by this court as well as (by) the lower court." Under our Constitution we cannot pass upon the weight of the evidence in law cases, regardless of whether it was presented to the trial court in oral or documentary form. To do that is the exclusive province of the court or jury. If the court believed the evidence produced by the defendant on the plea of payment in this case, then the finding of payment follows as a matter of course.

Nor can we see any merit to the contention that the court cast the burden upon the plaintiff to prove nonpayment.

Counsel arrived at that conclusion from the oral statements made by the judge in passing upon the effect to be given to the evidence. The statements referred to were made by the judge at the conclusion of the evidence, when he informed counsel what his findings would be. We can see nothing in those remarks that even remotely indicates that the judge intended to depart from the well-settled rule that payment is an affirmative defense, and that the burden of proof rests upon the party pleading it. This assignment must therefore fail.

The contention that the judgment must be reversed for the reason that the judge signed the findings of fact and conclusions of law in a district other than the one in which the case was tried, under the facts and circumstances, is likewise not tenable. It is true that it is made to appear in the bill of exceptions that the judge who tried the case was called from another district, and that the call was made under our statute. It is also made to appear that, after hearing the evidence, the judge indicated from the bench what his findings and judgment would be, but before counsel could prepare the findings of fact and conclusions of law the judge returned to his home district. The findings and conclusions were accordingly mailed to the judge's home, and he there signed them and returned them to the clerk of Salt Lake County, where the case was tried, and where they were filed, as in other cases. Some time thereafter, however, when plaintiff's counsel questioned the judge's authority to sign findings outside of the district where the case is tried, the judge came to Salt Lake County and signed and filed new findings and conclusions, and entered a new judgment in conformity with the prior findings, conclusions, and judgment. The latter findings, conclusions and judgment were filed before this appeal was taken, and while under our statute the case was still pending in the district court. If counsel's contention that the judge was without authority to sign findings of fact and conclusions of law outside of the district where the case was tried is correct, then the original findings and conclusions were a mere nullity, and the judge in making new findings and conclusions did precisely what he should

have done.  If, therefore, as counsel contends, the original findings and conclusions were mere nullities and the judge had not replaced them with proper ones, as was done, all that we should do under our statute would be to direct proper findings of fact and conclusions of law to be made in accordance with the evidence.  In view, however, that the judge did that on his own motion, nothing further is required at our hands.

In view of the foregoing conclusions it is not necessary and perhaps would not be proper, for us to pass upon the question of whether, under our statute, findings of fact and conclusions of law may be signed by the judge outside of the district in which the case is tried.  Upon that question, therefore, we express no opinion.

There is no merit to the contention that the findings of fact are vague and uncertain.

The judgment is therefore affirmed, with costs to respondent.

STRAUP, C. J., and McCARTY, J., concur.