## In re SIMPSON.

No. 10507—Opinion Filed Sept. 21, 1920.

Rehearing Denied Nov. 9, 1920.

(Syllabus by the Court.)

1. **Attorney and Client—Disbarment—Nature of Action—Burden of Proof.**

In an action to disbar an attorney, his guilt should be clearly proven, and more than a mere preponderance of the evidence is required. The action is a civil one.

2. **Same—Power of Court—Judgment.**

A court may suspend or disbar an attorney for misconduct in an official capacity.

3. **Same—Acceptance of Bribe by County Attorney.**

The acceptance of a bribe by a county attorney, for which he agrees not to prosecute one for a crime, is a willful violation of his duties as an attorney and constitutes cause for revocation of his license to practice law.

4. **Same—Sufficiency of Evidence.**

A petition was filed in this court to disbar the respondent from the practice . of law, charging that while acting as county attorney he accepted a bribe in consideration of which he agreed not to prosecute a party for running a gambling house. We have examined the record and find the charge proven.

Petition filed in the Supreme Court by certain attorneys of the Grady County Bar Association to disbar Oscar Simpson. Paul Walker, Esq., appointed by the court as referee to hear the evidence and report to the court his findings of facts and conclusions of law. Respondent disbarred and his license to practice law canceled.

J. D. Carmichael, A. L. Herr, Adrian Melton and Harry Hammerly, for petitioners.

Alger Melton, for State Bar Commission.

Turner & McAdams, R. C. Roland, and F. E. Riddle, for respondent.

HIGGINS, J. A petition was filed in this court by certain attorneys representing the Grady County Bar Association to disbar Oscar Simpson, an attorney of the Grady County Bar, from the practice of law. Paul Walker, Esq., an attorney of the Oklahoma City Bar and one of the referees of this court, was by this court appointed as referee to hear the evidence and report to this court his findings of facts and conclusions of law.

The referee heard the evidence and has reported to this court his findings of facts and conclusions of law. He finds that the respondent while holding the office of county attorney accepted a bribe, and for that reason should be disbarred from the further practice of law. The respondent filed an exception to the report of the referee.

We have examined the record and find that in 1918 the federal government placed a ban on the city of Chickasha, prohibiting any of its soldiers from stopping over, visiting, or being found in that city, on account of vice conditions existing there. A grand jury was called and the respondent was indicted for accepting money from gamblers, he agreeing not to prosecute them. There was also an accusation brought against him to remove him from the office of county attorney.

The indictment and accusation were dismissed after execution by the respondent of the following stipulation, to wit:

"Chickasha, Oklahoma, Sept. 12, 1918. I, Oscar Simpson, county attorney of Grady county, Oklahoma, against whom an indictment and removal charges are pending in the district court of Grady county, effective Sept. 2, 1918, agree to immediately resign as county attorney, withdraw from the ticket as the democratic nominee for county attorney in said county at the November, 1918, election, and leave the state of Oklahoma, at once, and not again practice or attempt to practice law in said state, if upon such resignation, withdrawal from the ticket, and departure from the state, such indictment and removal charges are dismissed. Should I ever practice, or attempt to practice law in the state of Oklahoma after this date, the president of the Grady County Bar Association is authorized to file this instrument with the clerk of the Supreme Court of the state of Oklahoma, and upon the filing thereof, the said Supreme Court of the state of Oklahoma is requested to revoke my license to practice law in said state. This instrument shall be delivered to and kept by the president of the Grady County Bar Association, and his successors in office.

"(Signed) Oscar Simpson.

"Witness:
"F. E. Riddle.
"R. C. Roland."

The respondent did leave the state for a while, but later returned and commenced the practice of law, whereupon this petition to disbar was filed.

The respondent pleads in defense of himself that he was not guilty of accepting a bribe; that he signed the stipulation for the reason that certain committees which were prosecuting the charges against him might give their full time to war activities against Germany. As a reason for returning he states that there was an agreement that the stipulation be not made public; that the same was made public and published in newspapers; that as this agreement was breached by those prosecuting him, he was thereby relieved from his part of same in which he agreed not to practice law in Grady county.

The evidence against the respondent is the testimony of a party engaged in running a gambling house, who testified that he per-

sonally paid the respondent, who was then county attorney of Grady county, the sum of $250 per month for several months, and that as a consideration for this payment he was to be permitted to run a gambling house. Prior to testifying, the witness had been promised immunity by the prosecution. The record shows that gambling was open and notorious during the time this money was alleged to have been paid; that there were gambling houses in which there were at least 250 people gathered during the progress of the gambling; and there is the stipulation set forth above. This was about the extent of the evidence against respondent. The respondent in his evidence denied that he had accepted a bribe; that in seeking to enforce the law he had not the support of other officials. The record shows that the grand jury brought accusations against the sheriff and mayor; that they either resigned or were removed from office, and also that the police force resigned in a body. The respondent explained as above set forth in his pleadings the reason why he executed the stipulation and his reason for again engaging in the practice of law.

An action to disbar an attorney is a civil action, but in order to disbar him more than a preponderance of the evidence is required. His guilt should be clearly established. In re Evans, 22 Utah, 366, 62 Pac. 913, 83 Am. St. Rep. 794, 59 L. R. A. 952.

There is the evidence of a self-confessed accomplice that the bribe was paid. This evidence, taken alone, should not prevail over the testimony of the respondent. There is the circumstance that gambling houses were run open and notorious and as many as 250 were in such a house at one time; but the strongest evidence against the respondent is the execution of the stipulation after a grand jury had indicted him for bribery and brought charges to remove him from office. It is true that there is no confession of guilt in the stipulation; but when we take into consideration that the respondent was a lawyer, a county attorney, it is difficult to conceive that any other reasons could have moved him to execute such a paper and agree to do all that he did therein agree to do. There was undoubtedly some great impelling force moving the respondent to agree to that which is set forth in his stipulation and which so seriously reflects on his private and official character. The love of country and the patriotic desire to aid one's country in war does not require that one do an act reflecting so seriously on his character. The respondent was advised by counsel of ability. We are forced to the conclusion that the respondent must have been impelled by a consciousness of guilt and a fear of conviction and that this was the impelling force moving him to agree to and execute the above stipulation.

We find the stipulation was not procured by duress, fraud, or misrepresentation.

We believe that the petitioners in this case have met the burden placed upon them, and that under the facts and circumstances of this case as shown by the evidence the guilt of the respondent in accepting a bribe is clearly established. The taking of money by a county attorney from one engaged in running a gambling house and granting to him immunity from prosecution is a willful violation of his duties as an attorney and constitutes a cause for revocation of his license to practice law under section 252, Rev. Laws 1910. In re Biggers, 24 Okla. 842, 104 Pac. 1083.

We do not agree with the contention of the prosecution that this court should, over the protest of the respondent, disbar him from the practice of law by the filing in this court the stipulation above referred to. This court should hear all the facts and circumstances attending the execution thereof. Under the prosecution of the law for accepting a bribe, the stipulation may be received as evidence in support thereof and given such weight as the court may deem proper. If the petitioners were seeking to carry out the terms of the stipulation and should the proof show that the stipulation was executed in pursuance of an unlawful purpose or one against public policy, then a court should refuse to carry out its terms.

An action to disbar an attorney is a civil action. In re Biggers, supra; In re Brown, 2 Okla. 590, 39 Pac. 469. A judgment may be based upon the uncorroborated evidence of an accomplice in a civil action. In a criminal action the rule is to the contrary. In a civil action the fact that a witness is an accomplice may be considered by the judge or jury in weighing the same. It is true that the direct evidence is by a self-confessed accomplice, but the circumstantial evidence corroborating the same is the open and notorious gambling and the execution of the stipulation above.

A court may suspend or disbar an attorney for misconduct in an official capacity. The acceptance of a bribe by a prosecuting attorney is misconduct of his duty as attorney to his client. In re Voss, 11 N. D. 540, 90 N. W. 15; In re Jones, 70 Vt. 71; In re Norris, 60 Kan. 649, 57 Pac. 528.

The record in this case shows that in entering into the stipulation above there were the respondent and the attorneys representing him on one side, and a committee from

the Bar Association of Grady County, the Law and Order League, and the Council of Defense on the other side, and that it was agreed that the written stipulation should not be published, but it was furthermore agreed that the committee might give out the substance of the same. At a later date the confidence of the party with which it was left was violated by one he let see the stipulation, who published the facts substantially as set forth therein in a newspaper.

We do not wish to be understood as approving the method by which this matter was attempted to be adjusted before reaching this court.

The judgment of this court is that the respondent be, and he is hereby, disbarred from the practice of law in any of the courts in the state of Oklahoma, and the certificate heretofore issued authorizing him to practice law in the courts of this state is hereby set aside and canceled.

RAINEY, C. J., and PITCHFORD, JOHNSON, and McNEILL, JJ., concur; HARRISON and BAILEY, JJ., disqualified and not participating.