## JENKINS v. FORSEY

No. 5323. Decided March 16, 1934. (30 P. [2d] 220.)

*Robert C. Wilson* and *Henry D. Moyle,* both of Salt Lake City, for appellant.

*C. N. Leatherbury,* of Eureka, for respondent.

MOFFAT, Justice.

This action was brought in the Third judicial district court, county of Salt Lake, to recover damages alleged to have been suffered by the plaintiff as the result of a bite inflicted upon her foot and leg by defendant's bulldog. The cause was transferred to Juab county in the Fifth judicial district upon motion for a change of venue made by defendant. Upon the merits there is but a single question, and that question was submitted to the jury. It is: Did defendant's big bad bulldog bite plaintiff? The jury found the plaintiff was not bitten by defendant's big bad bulldog. From the evidence the only other possible perpetrator of the bad deed was a fair-haired domestic pet commonly known as an Airdale, whose asserted kindly and gentle disposition might be thought to preclude the possibility of his mistaking the fair form of his mistress' foot and ankle for the ferocious features of the big, bad bulldog opposing him with a screen door and a woman's foot as the only barriers between the canine combatants.

Before we may consider the many assignments of error relating to the solution of the perplexing problem, we must determine a motion interposed by respondent.

That motion is to strike the bill of exceptions, which, if well taken, removes from the record the bill of exceptions

and leaves no question to be presented, as all errors assigned or argued relate to matters included only in the bill of exceptions.

Respondent's motion to strike the bill of exceptions sets forth:

That the bill was not signed, settled, or allowed as provided by law, in that the alleged settlement, signing, and allowance of the bill took place at Richfield, Sevier county, Utah, in the Sixth judicial district, while the action was tried at Nephi, Juab county, Utah, which city and county are in the Fifth judicial district; and in the absence of respondent and over his objection.

Secondly, that appellant on January 6, 1932, served on respondent's attorney a draft of the proposed bill of exceptions, and thereafter and within time, respondent's attorney served upon counsel for appellant and filed with the clerk of the court of Juab county six proposed amendments to the proposed bill, that the proposed amendments were not included in the bill of exceptions, nor does the submitted and settled bill of exceptions show what action, if any, was taken by the trial judge with relation to the proposed amendments.

Thirdly, that on February 17, 1932, appellant's attorney served a notice on respondent's attorney that appellant would present the bill of exceptions, as proposed, to the trial judge for settlement, allowance, and signing on the 27th day of February, 1932, at 10 o'clock a. m. at Richfield, Utah, and that instead of presenting said bill at said time the same was not presented, settled, or allowed until the 3d day of March, 1933, and that said action was taken in the absence of respondent and over respondent's objection.

The record is in accordance with the facts set forth in the motion. Appellant has made no reply by brief or citation of authorities in opposition to respondent's brief and argument in support of the motion. We have made a careful examination of all the authorities cited by respondent and have

pursued an independent search for authorities bearing in any way upon the questions raised by the motion.

Courts generally strive for the determination of causes of action upon the merits of the issues presented. When, however, matters of procedure that affect the substantive rights of litigants or the jurisdiction of the courts as prescribed by statute or the general law are involved, principle compels a recognition of fundamental procedural matters and courts may not disregard them.

Because of statutory differences and varying circumstances and conditions, cases on the question as to whether a trial judge has jurisdiction to settle, sign, and allow a bill of exceptions outside of the county and outside of the district in which the cause was tried are not in complete harmony; indeed, it may safely be said that an analysis and comparison in an attempt to harmonize them would bring no satisfactory conclusion.

The settlement of the bill of exceptions is a judicial act. *Whitzell v. Forgler*, 30 Kan. 525, 1 P. 823. The settlement of a bill of exceptions being a judicial act and requiring the exercise of judicial functions of necessity, the power to perform such functions must be found in the jursdiction conferred by the state Constitution, the Legislature, or the inherent powers of the court.

District courts are courts of general jurisdiction and have original jurisdiction in all matters civil and criminal not excepted by the Constitution, and not prohibited by laws, and have power to carry into effect the orders, judgments, and decrees promulgated by them "within their respective jurisdictions." Const. Utah, art 8, § 7; R. S. Utah 1933, 20-3-4. Where Comp. Laws Utah 1917 and the Rev. Statutes Utah 1933 are identical, the 1933 reference is given.

Authority is given by both the Constitution and the statute that:

"Any District Judge may hold a District Court in any county at the request of the judge of the district, and upon a request of the Governor, it shall be his duty to do so." Const. Utah art. 8, § 5.

"And in either case the judge holding the court shall have the same powers as the judge thereof." Rev. Stat. Utah 1933, 20-3-13.

It would therefore seem that a district judge who is called to another district has the same power while acting in the district to which he is called by the judge of the district or the Governor as the judge duly elected in the district and who called him, as to all matters properly submitted to him. Such call would give a judge so called out of his own district no jurisdiction of a cause outside of the district to which he is called. As to certain matters upon agreement of the parties, as provided by statute such matters may be stipulated to be done, and then, the procedure therefor is prescribed:

"The parties to an action or special proceeding, in a court of record, may, with the consent of the judge who is to try or hear it without a jury, stipulate in writing, that it shall be tried, or heard and determined, elsewhere than at the place appointed for holding such court. The stipulation must specify the place of trial or hearing, and must be filed in the office of the clerk." R. S. Utah 1933, 20-3-17.

No stipulation in writing or otherwise in the instant case was entered into or filed with the clerk of the court. The record discloses that respondent, defendant below, objected to the proposed bill, submitted proposed amendments, and objected to settlement at the place designated in the notice for settlement. No authority for settlement over objection is found in R. S. Utah 1933, 20-3-17, supra.

We find no statute vesting in a district judge jurisdiction to perform any judicial function outside of his district except upon request of the judge of the district to which such other district judge may be called or upon the request of the Governor, or upon the stipulation of the parties in writing filed with the clerk, or as provided by R. S. Utah 1933, 20-3-14:

"A judge of the district court may, in his own district, hear any ex parte application, and make any order concerning the same in any action or proceeding pending or about to be commenced in another judicial district, in the following cases:

"(1) Upon the written request of the judge of the district in which the action or proceeding is at the time pending or is about to be commenced.

"(2) When it shall be made to appear by affidavit to the satisfaction of such judge that the judge of the district court in which the action or proceeding is at the time pending or is about to be commenced is absent from his district, or is incapacitated, or is disqualified to act therein; such application shall be made only to the judge of an adjoining district."

The settlement and allowance of a bill of exceptions being the exercise of a judicial function (*Hale* v. *Belgrade Co.*, 75 Mont. 99, 242 P. 425; *Luther* v. *Luther*, 211 Ala. 352, 100 So. 497; 4 C. J. 365) invokes the jurisdiction of the court, and such jurisdiction must be exercised in accordance with the law vesting jurisdiction in the judge performing the judicial act. 4 C. J. 251; *Baker & Lockwood Mfg. Co.* v. *Voorhees*, 63 Okla. 283, 165 P. 125; *In re Norris*, 60 Kan. 649, 57 P. 528, 530; *Rowan* v. *Gazette Printing* Co., 69 Mont. 170, 220 P. 1104; *State ex rel. King* v. *Dist. Court* (Mont.) 26 P. (2d) 966; *Scott* v. *Austin*, 47 Utah 248, 152 P. 1178.

The procedure for the preparation and settlement of the bill of exceptions is set forth in R. S. Utah 1933, 104-39-4.

The important issues of a case may turn upon a single question of fact. In the instant case a very material fact was presented by one of the proposed amendments, the record showing that the defendant said "the dog broke into the house," while the proposed amendment would make it read that "the dog *never* broke into the house." (Italics added.)

As was well said in the case of *In re Norris*, supra:

"An appellate court can review the action of an inferior one only upon the record of the proceedings of the lower tribunal, certified as correct by some responsible authority. An appellate court must be

positively assured as to what transpired in the inferior one before it can enter upon the consideration of the claims of error made. What evidence was offered, and either received of rejected; what rulings were made, and what exceptions preserved; what interlocutory proceedings were had,— must be exhibited in some formal, authentic, and indisputable manner. If the proceedings consist of nothing more than the record proper,—that is, the pleadings, process, and judgment,— they do not need to be made up and settled. They are already made up and settled, and their authenticity is established by the certificate of the clerk as custodian of the records; but if they consist of the transitory events and incidentals of the trial, they must be noted and preserved for the purpose of remembering their occurrence and reviewing their correctness. The duty of doing this is the duty of the court, aided by the clerk, stenographer, attorneys, and other officers. The duty of determining and settling these matters, and putting them in the form of a memorial of the events of the trial, being thus cast upon the court, is judicial in its nature. Being judicial, it cannot be delegated."

Thus the judge, referee, or judicial officer by whom a decision is rendered or a case is tried, barring the exceptions provided for by R. S. Utah 1933, 104-39-8, must settle the bill. It has been held that the mere matter of signing the bill, after a hearing and settlement and allowance, is not required to be done within the district; the signing being a mere formal matter, after it has been properly determined judicially what the bill should contain. *Hale* v. *Belgrade Co.*, supra.

There being no express provision in the statute for a district judge to settle a bill out of his district, and no provision for a visiting judge upon call to act in another district other than in pursuance of the call, there would seem to be greater reason for requiring the judge to return to the district to settle and finish the judicial business within the district to which he was specially called than to require parties litigant in the absence of stipulation to go to the district from which the judge has been called or elsewhere. It has generally been the policy of the law to favor the exercise of jurisdiction as nearly local as conveniently can be done. A party defendant has the right to require the plain-

tiff to come to the county of the defendant's residence to sue him. This is a right, however, the court having acquired jurisdiction, that a defendant may waive.

There would seem to be no good reason why parties may not stipulate for the settlement of a bill according to agreement of the parties, and the judge as to any matters within the jurisdiction of the court over which the judge presides. If no amendments to the bill are proposed or served, or if proposed and served all are allowed, there would seem to be no reason why such matter would not then become substantially an ex parte matter and be controlled by the provisions of R. S. Utah 1933, 20-3-14, 20-3-15, and 20-3-16. In so far as the statutory provisions are applicable to this case, the Comp. Laws of Utah 1917 would be controlling. Any amendments subsequently made thereto are of no consequence in this case.

We are of the opinion that the judge of the Sixth judicial district who was requested to try a case in the Fifth judicial district had no authority or jurisdiction to settle the bill at Richfield in Sevier county, outside of the district to which he was called and where the case was tried, over the objection of the defendant, and especially when amendments to the bill had been proposed.

The record shows the proposed amendments, the plaintiff's opposition thereto, the objection to the settlement of the bill at any place other than the place of trial, and that notwithstanding these conditions and objections the bill was settled, allowed, and signed at Richfield in Sevier county.

In harmony with the conclusion we have reached, an amendment or addition to Comp. Laws Utah 1917, § 1679, is found in R. S. Utah 1933, 20-3-16. The addition reads:

"A party shall not, without his consent, be required to appear at any place outside of the county wherein the proceeding is pending."

In view of the conclusion forced upon us in the matter, we need not further consider the matter of the questions as to

notice and time of settlement of the bill. The motion to strike the bill must be granted.

Where no prejudice is shown, courts are reluctant to strike a bill of exceptions. In the instant case, however, the matter being jurisdictional, we have no alternative.

Many errors were assigned and argued at considerable length by counsel for both parties to the proceeding, but for the reasons stated cannot be reviewed on this appeal.

The order of the court is that the bill of exceptions be stricken. The judgment of the trial court must be affirmed. Respondent is entitled to recover costs. Such is the order.

STRAUP, C. J., and ELIAS HANSEN, FOLLAND, and EPHRAIM HANSON, JJ., concur.