EUSTANCE, RESPONDENT, *v.* FRANCIS ET AL., APPELLANTS.

(No. 3,643.)

(Submitted March 28, 1916.   Decided April 27, 1916.)

[157 Pac. 573.]

*District Courts — Substituted Judges — Powers at Chambers — Judgment on Pleadings — Appeal and Error — Persons Aggrieved—Who may Appeal.*

District Courts—Substituted Judges—Powers at Chambers—Judgment on Pleadings.
1.   A district judge was invited to another district to hear and determine an action to quiet title in which the resident judge had been disqualified. Though accepting the invitation, he never went into the county to which he had been called to assume jurisdiction, but at chambers in his own county sustained a motion for judgment on the pleadings. *Held,* that the judgment so rendered was made without jurisdiction, since his powers at chambers, whether acting on matters affecting his own or another district, are limited to the disposition of proceedings enumerated in section 6314, Revised Codes, of which a disposition of a cause on the merits is not one.
Same—Powers of Court—Powers of Judges.
2.   A motion for judgment on the pleadings, a demurrer, a motion to strike, or the like, invokes the power of the court, not of the judge, and must be tried and determined by the court, and not by the judge.
Same—Authority of Substitute Judges—"Hold Court."
3.   To "hold court," within the meaning of the Constitution, Article VIII, section 12, authorizing one district judge to hold court for another, is to hold court in the district just as does the local judge, and not to sit in chambers in another district.
Appeal and Error—Who may Appeal—Persons "Aggrieved."
4.   Where judgment is rendered against parties for costs for which they are liable on execution, they are "aggrieved" within the meaning of the statute, and may appeal.
    [As to who are interested parties in case of appeal, see note in 119 Am. St. Rep. 741.]

*Appeal from District Court, Cascade County, in the Eighth Judicial District; Roy E. Ayers, Judge of the Tenth District, presiding.*

ACTION by Ellen S. Eustance against Judith Francis and others. From a judgment for plaintiff, defendants appeal. Reversed and remanded.

Cause submitted on briefs of counsel.

*Mr. Fred A. Ewald,* for Appellants.

*Mr. C. H. Benton,* for Respondent.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

Action to quiet title to certain land described in the complaint and situate in Cascade county. The action was brought in that county. The appeal is by the defendants from a judgment rendered on the pleadings under these circumstances:

In their amended answer, besides denying plaintiff's title, *etc.,* and setting forth the nature of their adverse claim, defendants also alleged in abatement of the action that another action involving the same cause of action as that involved herein, and to which the parties hereto were the same, had theretofore been decided by the court and was pending in the supreme court on appeal. Counsel for plaintiff failed to tender issue by reply, but had the cause set down for hearing, assuming that the allegations in the answer were not sufficient to present a triable issue. The hearing was had on January 5, 1914; counsel for defendants not appearing. Why he did not is not here important. On January 13, Judge Ewing, before whom the hearing was had, made an order postponing the final hearing and disposition of the cause "until after said appeal is finally determined by the said supreme court." The cause referred to in the answer and by the judge as pending on appeal is In re Estate of Peterson, reported in 49 Mont. 96, Ann. Cas. 1916A, 716, 140 Pac. 237, and decided on April 1, 1914. In the meantime, and on April 27, 1914, Judges Leslie and Ewing, who regularly preside in the eighth judicial district, which includes Cascade county, deeming themselves disqualified to try the action, made an order so declaring, and inviting Judge Ayers, of the tenth district, to try it. Judge Ayers accepted the invitation, but, so far as the record discloses, did not at any time go into Cascade county to assume jurisdiction to make disposition of the action. On November 2, 1914, upon five days' notice to counsel for de-

fendants, counsel for plaintiff submitted to Judge Ayers, at his chambers at Lewistown, in Fergus county (in the tenth district), a motion for judgment on the pleadings. Counsel for defendants did not appear. The motion was sustained, and the result is the judgment now before us. It was thereafter by his direction entered of record in Cascade county.

Counsel discuss in their briefs the correctness of the action of Judge Ayers on the merits of the motion. We incline to the opinion that the answer by its denials presented an issue of fact, and that Judge Ayers for this reason erred in sustaining the motion. Furthermore, though the case of *In re Peterson* had theretofore been disposed of, the record in this case fails to disclose that fact. But we shall not stop to consider the questions presented in this behalf, because, in our opinion, Judge Ayers was wholly without power to try and dispose of the motion at chambers in Fergus county.

Section 6314 of the Revised Codes defines the powers of a judge at chambers. It declares: "The judge of the district court may at chambers issue, hear and determine writs of *mandamus, quo warranto, certiorari,* prohibition, injunction and other original and remedial writs, and also all writs of *habeas corpus* on petition by, or on behalf of, any person held in actual custody in his district, and grant all orders and writs which are usually granted in the first instance upon an *ex parte* application, and, at chambers, hear and dispose of such orders and writs; and may also, at chambers, make any order, issue any process, and hear and determine any matter necessary in the exercise of his powers in matters of probate, or in any action or proceeding provided by law. If a jury is necessary the judge may open court and obtain a jury as in other cases." This provision was considered in *State ex rel. Mannix* v. *District Court,* 51 Mont. 310, 152 Pac. 753. The question what is the extent [1] of the powers of a judge of one district when called into another for temporary service in probate proceedings was discussed, and it was held, in effect, that in all such matters, exclusive jurisdiction over which is given the temporary judge

by statute because of disqualification of the local judge, the powers of the former at chambers in these matters are defined by this provision, as coextensive with the powers he possesses while presiding in his own district. The question as to their extent in ordinary actions *inter partes* was reserved. It was suggested that after returning to his own district the temporary judge may make any order in a cause tried by him, but not finally determined, such as an order for extension of time, *etc.,* necessary to make final disposition of it. But, whatever may be the extent of his powers in this behalf, they do not extend to the trial and disposition of such causes on the merits while in his own district: First, because the provisions of the Constitution authorizing one judge to hold court for another (Const., Art. VIII, sec. 12) and the statute enacted pursuant to it (Rev. Codes, sec. 6270) contemplate that the invited judge shall go into the district to which he is invited for that purpose; second, because section 6314 does not expressly or impliedly authorize it; and, third, because such a course would render nugatory the provisions of the Code relating to the place of trial of civil actions and changes of venue, and thus subject parties to the same inconveniences which they would suffer in the absence of these provisions. Even when a judge is in his own district, his powers at chambers in causes pending there are limited to the disposition of proceedings enumerated in section 6314, and may not be extended to others not enumerated. The expression ''in any action or proceeding provided by law'' must be understood to include only such proceedings as the judge is authorized by law to conduct at chambers, and not to include any other. Otherwise the holding of court by one judge for another, as permitted by the Constitution, would require him to go into the district only for trials upon formal issues of fact, thus leaving him free to determine at chambers in his own district all issues of law arising in the particular cause or causes allotted to him. [2] A motion for judgment on the pleadings, a demurrer, or a motion to strike, or the like, invokes the power of the court, not of the judge, and must be tried and determined by the

[3] court, and not by the judge. To "hold court," within the meaning of the Constitution, is to hold court in the district just as does the local judge, and not to sit in chambers in another district. Section 7140, Revised Codes, only provides for the presentation of such motions as the judge may entertain at chambers, and does not authorize a judge of an adjoining district to hear a motion which he could not hear at chambers if he were personally present in the district in which the parties reside. It is sometimes the case that, when the local judge is for any reason disqualified in a particular cause, and another judge has been designated to try and determine it, the parties by stipulation submit to him for decision at chambers in his own district the issues of law arising therein. Sometimes also, upon submission of a cause for decision at the close of the trial regularly had, it is stipulated that the judge may make up his findings and decision after returning to his own district and transmit them to the clerk for filing and entry of judgment. Doubtless in such a case the parties would be held to be estopped by their stipulation to question the validity of the result. Nothing said herein is to be understood as holding to the contrary.

Counsel for plaintiff insists that the defendants cannot maintain this appeal, because it appears from the record that [4] they have not been aggrieved by the judgment. The court rendered judgment against them for costs. They are thus liable under execution for the same, and hence are aggrieved within the meaning of the statute.

The judgment is reversed and the cause is remanded for further proceedings.

*Reversed and remanded.*

MR. JUSTICE SANNER and MR. JUSTICE HOLLOWAY concur.