STATE, APPELLANT, *v.* LIBBY YARDS CO., RESPONDENT.

(No. 4,591.)

(Submitted September 20, 1920. Decided November 8, 1920.)

[193 Pac. 394.]

*Criminal Law—Information—Demurrer Sustained—Record on Appeal by State.*

1. Where the state appeals from an order sustaining a demurrer to an information, it must present the information, with the demurrer and the trial court's ruling thereon, in a bill of exceptions duly settled and allowed, under the mandatory provisions of section 9347, Revised Codes, else the supreme court is without jurisdiction to entertain the appeal.

*Appeal from District Court, Sheridan County; C. E. Comer, Judge.*

FROM an order sustaining a demurrer to an information against the Libby Yards Company, the State appeals. Appeal dismissed.

Cause submitted on briefs of Counsel.

*Mr. S. C. Ford,* Attorney General, and *Mr. Otto A. Gerth,* Assistant Attorney General, for Appellant.

*Messrs. Powell, Carman & Cain,* of the Bar of Minnesota, and *Messrs. Galen & Mettler* and *Mr. A. T. Vollum,* for Respondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

The state has appealed from an order sustaining a demurrer to an information and challenges the correctness of the trial court's ruling.

At the outset we are met with the objection of respondent [1] that this court is without authority to consider the appeal, because the appellant has failed to furnish the record re-

quired by statute, and the time for preparing such a record has long since passed. The transcript before us consists of the information, the demurrer, the court's ruling, the notice of appeal, and clerk's certificate. Since the adoption of the Codes of 1895 the state has enjoyed the right to appeal from a judgment for the defendant on a demurrer to an indictment or information (sec. 2273, Pen. Code 1895; sec. 9398, Rev. Codes), and the order sustaining the demurrer constitutes the judgment (sec. 1925, Pen. Code 1895; sec. 9203, Rev. Codes). Prior to 1903 no specific procedure for presenting such appeal was prescribed by law. Section 2275, Penal Code (sec. 9400, Rev. Codes), provided that the appeal was taken by filing a notice of appeal and serving a copy of the same. Section 2281, Penal Code (sec. 9406, Rev. Codes), provided that, upon the appeal being taken, the clerk of the district court should transmit to the clerk of the supreme court a copy of (1) the notice of appeal, (2) the record of the action, and (3) all bills of exceptions and the instructions with the indorsements thereon. Section 2176, Penal Code of 1895 (sec. 9345, Rev. Codes), provided that the decision of the court sustaining a demurrer to the information was deemed excepted to and no bill of exceptions was required.

Section 2229, Penal Code of 1895 (sec. 9376, Rev. Codes), provided for a judgment-roll—designated "record of the action"—but only in a case which has been tried upon the merits resulting in a conviction. No provision whatever was made for a judgment-roll or "record of the action" in a case terminated by an order sustaining a demurrer to the information; and, though the right of appeal was given to the state in such a case, no provision was made for a record upon which the appeal could be presented. This lapse in legislation was supplied by Chapter 34, Laws of 1903. Section 2 of that Act, now section 9347, Revised Codes, provides: "The only method of preserving for review by the supreme court on appeal, any proceeding, evidence or matter not designated by the Penal Code as part of the record on appeal without

bill of exceptions, shall be by bill of exceptions prepared and settled under either section 2171 of the Penal Code or this Act, as the one or the other may be appropriate; thus (for example) the following mentioned papers and matters must be included in such a bill if the party aggrieved would have them reviewed: Motions to set aside an indictment or information, with the matter in support thereof not otherwise appearing of record; demurrers to indictments or information,'' *etc.*

The statute is mandatory—its terms too plain to be open to controversy. If, in a case of this character, the state would have the trial court's ruling upon the demurrer reviewed, it must present the information, with the demurrer and ruling in a bill of exceptions duly settled and allowed. These matters of procedure are purely statutory. Our Constitution (sec. 15, Art. VIII) declares that writs of error and appeals shall be allowed from the decisions of the district courts to the supreme court under such regulations as may be prescribed by law. Since a bill of exceptions was not settled and the time within which such a bill might be presented, has long since expired, this court is without authority to consider the appeal.

The appeal is therefore dismissed.

*Dismissed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES HURLY and MATTHEWS concur.