STATE, APPELLANT, *v.* CARMICHAEL, RESPONDENT.

(No. 4,913.)

(Submitted January 10, 1922.  Decided January 23, 1922.)

[204 Pac. 362.]

*Criminal Law—New Trial—Record on Appeal—Insufficiency—Dismissal.*

Criminal Law—New Trial—Affidavits—Bill of Exceptions—Record on Appeal—Insufficiency.
1.  On appeal by the state in a criminal cause from an order granting defendant a new trial, the affidavits used on the motion must, under section 9347, Revised Codes of 1907, be incorporated in a bill of exceptions; if not so presented, the supreme court is without jurisdiction to review the order.

Same—Error in Instructions—Bill of Exceptions Required.
2.  Under section 9271, Revised Codes of 1907, errors in giving or refusing instructions cannot be reviewed on appeal unless they, with the proceedings had at the settlement thereof, are incorporated in a bill of exceptions, even though they constitute a part of the judgment-roll or technical record, section 9345 providing otherwise, having been superseded by section 9271.

*Appeal from District Court, Garfield County; Roy E. Ayers, Judge.*

HERSCHEL CARMICHAEL was convicted of crime, and from an order granting him a new trial the State appeals.  Dismissed.

*Mr. Wellington D. Rankin,* Attorney General, *Mr. John J. Cavan,* County Attorney, and *Mr. Sharpless Walker,* for Appellant, submitted a brief and one in reply to that of Respondent; *Mr. L. A. Foot,* Assistant Attorney General, argued the cause orally.

*Mr. E. E. Enterline, Mr. J. C. Huntoon* and *Mr. Arthur M. Hengee,* for Respondent, submitted a brief; *Mr. Enterline* argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

The state undertook to appeal from an order granting the defendant a new trial, but failed to have the proper record prepared, and a motion to dismiss the appeal has been interposed.

The motion for a new trial was presented to the lower court [1] upon a bill of exceptions and upon numerous affidavits relating principally to alleged misconduct on the part of one of the jurors. After the motion was granted, the state gave notice of appeal, but failed to have the affidavits incorporated in a bill of exceptions, and defendant insists that the order cannot be reviewed for the reason that this court does not have before it the record upon which the order was made.

The state relies upon the provisions of section 9345, Revised Codes, but unfortunately for it that section was superseded completely long prior to the time when this cause of action arose. Sections 9339 to 9345, inclusive, were enacted in 1895, and constitute, respectively, sections 2170 to 2176 of Penal Code of 1895. Section 2176, Penal Code (sec. 9345, Rev. Codes) contained two distinct provisions, each relating to appellate procedure in criminal cases. The second one was to the effect that any of the orders enumerated in sections 2172 and 2173, Penal Code (secs. 9341 and 9342, Rev. Codes) might be reviewed on appeal without a bill of exceptions, and among the orders mentioned was an order granting or refusing a motion for a new trial.

In 1903 the legislature enacted Chapter 34, Laws of 1903, the purpose of which was to require all matters, not a part of the technical record as defined in section 9376, to be presented on appeal by bill of exceptions. That Chapter was carried forward into the Codes of 1907 as sections 9346 and 9347. The meaning of section 9347 is too plain to admit of doubt. The language is: "The only method of preserving for review by the supreme court on appeal, any proceeding, evi-

dence or matter not designated by the Penal Code as part of the record on appeal without a bill of exceptions, shall be by bill of exceptions.'' Then follows a specific enumeration of the matters which ''must be included in such a bill if the party aggrieved would have them reviewed,'' among which are ''motions for new trials, together with the matters in support thereof, including affidavits used thereon.'' The matters enumerated are the identical matters mentioned in sections 2172 (9341) and 2173 (9342), so that there cannot be any contention made that section 9347 was intended to supplement section 2176 (9345); on the contrary, by the enactment of Chapter 34 above, the last provision of section 2176, Penal Code, was superseded entirely. Any other construction of the Act would render the language of section 9347 meaningless.

The first provision of section 2176, Penal Code, was to the
[2] effect that the instructions given and refused might be reviewed without a bill of exceptions, but that provision likewise was superseded. By Chapter 82, Laws of 1907, the instructions with the proceedings had at the settlement thereof must be incorporated in a bill of exceptions, even though the instructions constitute a part of the judgment-roll or technical record, and, if not so incorporated, any errors in giving or refusing instructions cannot be reviewed by the supreme court on appeal. Chapter 82 above (sec. 9271, Rev. Codes) was also enacted prior to the revision of 1907, and the effect of the two statutes just considered was to eliminate completely everything contained in section 2176, Penal Code, although through an error of the compiler that section was reproduced in the Revised Codes as though it was in full force and effect.

Our conclusion is in harmony with the views heretofore expressed in *State* v. *Stickney,* 29 Mont. 523, 75 Pac. 201, *State* v. *Kremer,* 34 Mont. 6, 85 Pac. 736, and *State* v. *Libby Yards Co.,* 58 Mont. 444, 193 Pac. 394.

Chapter 225, Laws of 1921, did not become effective until after the proceedings in this action had been taken, and its provisions have no application here.

The record before us does not present the matters and things which were before the lower court, and for this reason we are not in a position to review the order granting a new trial.

The motion is sustained and the appeal is dismissed.

*Dismissed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES REYNOLDS, COOPER and GALEN concur.