ROWAN, APPELLANT, *v.* GAZETTE PRINTING CO. ET AL., RESPONDENTS.

(No. 5,319.)

(Submitted November 3, 1923. Decided December 4, 1923.)

[220 Pac. 1104.]

*District Judges—Disqualification—Imputed Bias and Prejudice—Duties of Disqualified Judge—Powers of Invited Judge.*

District Judges—Disqualification—Imputed Bias and Prejudice—Power of Invited Judge.
  1. Where one district judge invites another from a different district to hold court for him and the invitation is accepted, the invited judge, when he appears and while he presides, has all the authority of the local judge.

Same—Power of Invited Judge at Chambers in Own District Respecting Business of Other District.
  2. Speaking generally, when a district judge called upon to preside in a district other than his own leaves that district, he has not any authority at chambers in his own district to do anything affecting court business in the other district, except upon stipulation of the parties interested.

Same—Power of Judge After Disqualification.

3.   When a district judge is disqualified for imputed bias, he is without authority to act further in the action in which he is disqualified, except to arrange the calendar of business, call in another judge or transfer the cause, if a transfer is proper.

Same—Duty of Judge After Disqualification.

4.   If there be more than one judge in a district, the one first disqualified for imputed bias in a given case must call in another judge of the same district, and if all the local judges are disqualified, a judge of another district must be called to preside in the action.

Same—Failure of Judges of District to Adopt Rules—Effect on Authority of Judges of District.

5.   In the absence of rules adopted for the apportionment of the business of a judicial district in which there are two or more judges, each of the judges has all the power and authority concerning any business in the district that is conferred upon any judge in the state.

Same—Failure to Adopt Rules Apportioning Business of District—Powers of Local and Invited Judges.

6.   Where the two judges of a district had failed to adopt rules apportioning the business of the district between them, and both were disqualified, and a judge from another district invited by one of them rendered a default judgment and returned to his own district, and the other disqualified judge thereupon called in a judge from a third district to pass upon a motion to set it aside, the contention that the judge who rendered the judgment under the terms of the invitation extended to him had exclusive authority to hear the motion has no merit, the judge inviting the second outside judge having been clothed with power to do so (par. 5 above), and the one invited, in passing upon the motion, having had all the authority the one who invited him had, if he had not been disqualified.

*Appeal from District Court, Carbon County in the Thirteenth Judicial District; H. J. Miller, Judge of the Sixth District, presiding.*

Action by C. C. Rowan against the Gazette Printing Company and another. From an order setting aside a judgment for plaintiff and vacating the default, and permitting defendants to answer, plaintiff appeals. Affirmed.

*Mr. John G. Skinner, Mr. Chas. A. Taylor* and *Messrs. Shea & Wiggenhorn,* for Appellant, submitted a brief; *Mr. Thomas F. Shea* argued the cause orally.

*Messrs. Goddard & Clark, Mr. E. E. Collins* and *Mr. Wellington D. Rankin,* for Respondents, submitted a brief; *Mr. V. F. Goddard* and *Mr. Rankin* argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

A. C. Spencer and Robert C. Stong are the judges of the district court of the thirteenth judicial district of this state, which district comprises Big Horn, Carbon and Yellowstone counties. Joseph R. Jackson is one of the judges of the second judicial district, and H. J. Miller is the judge of the sixth judicial district. C. C. Rowan instituted this action in the district court of Carbon county to recover damages from the Gazette Printing Company and Joseph Pope for an alleged libel. After the action had been commenced, and on January 19, 1923, the defendants disqualified Judge Spencer by filing an affidavit imputing bias, pursuant to the provisions of section 8868, Revised Codes of 1921. At that time a demurrer to the complaint and a motion for change of venue were pending. On January 29 Judge Stong invited Judge Miller to hold court in Carbon county, and on that day Judge Miller appeared at Red Lodge, presided in court, and among other things set the demurrer and motion for hearing on February 5. On February 5 Judge Stong continued the hearing to February 8. On February 8 Judge Miller, at the request of Judge Stong, presided in the court, heard arguments upon the demurrer and motion, and on March 9 overruled the demurrer and gave the defendants until April 12 to answer. On April 3 plaintiff made application to amend his complaint. On April 6 Judge Miller, at chambers in Livingston, made an order extending the time within which defendants might answer to the tenth day after the application to amend should be determined. On April 10 plaintiff filed a *praecipe* for the entry of default of defendants. On April 11 Judge Miller notified counsel for plaintiff that he had made the order of April 6. On April 12 plaintiff filed a second *praecipe* for the entry of default of the defendants, and their default was entered accordingly. On the same day the order of April 6 was filed with the clerk of the court. On April 25 Judge Stong was disqualified by plaintiff by filing an affidavit im-

puting bias pursuant to the provisions of section 8868, above. On May 3 Judge Spencer invited Judge Jackson to come to Carbon county and hear all matters which might properly come before the court in this action, and on that day Judge Jackson appeared, presided in court, heard plaintiff's testimony, and rendered and had entered a judgment in conformity with the prayer of the complaint. On May 4 Judge Jackson, upon application of defendants, made an order staying execution for ten days. On May 7 defendants filed a notice of motion, motion and supporting affidavits for an order setting aside the judgment, vacating the default and permitting them to file an answer which was tendered; the motion was noticed for hearing on May 12. On May 11 Judge Stong invited Judge Miller to hold court again in Carbon county on May 12. On May 12 Judge Jackson, by a telephone message from Butte to the clerk of court at Red Lodge, directed that the hearing on the motion be continued to May 26, but on the 12th the court, Judge Miller presiding, over the objections of the plaintiff, proceeded to hear the motion, and at the conclusion of the hearing made an order setting aside the judgment, vacating the default and permitting defendants to file their proffered answer. From that order plaintiff appealed.

It is conceded by plaintiff that his application to have the default of defendants entered on April 10 was made prematurely. That the order setting aside the judgment, vacating the default and permitting the defendants to file their answer was the only proper order that could have been made in the premises is beyond controversy. The correctness of the order itself is not questioned by plaintiff, but he does insist that Judge Miller did not have authority to preside in the district court of Carbon county on May 12 and hear and determine the motion.

If plaintiff had kept in mind certain elementary principles, the necessity for this appeal would have been obviated:

(1) "Any judge of the district court may hold court for any other district judge." (Const., Art. VIII, sec. 12.)

(2) If one district judge invites another to hold court for [1, 4] him, and the invitation is accepted, the invited judge, when he appears, and while he presides, has all the authority of the local judge. (Sec. 9098, Rev. Codes 1921; *Farleigh* v. *Kelly*, 24 Mont. 369, 62 Pac. 495, 685.)

(3) Speaking generally, when the invited judge leaves the district in which he has presided he has no authority at chambers in his own district to do anything affecting the business in the other district (*State ex rel. Mannix* v. *District Court*, 51 Mont. 310, 152 Pac. 753), except upon stipulation of the parties interested (*Eustance* v. *Francis*, 52 Mont. 295, 157 Pac. 573).

(4) When a judge is disqualified for imputed bias he is without authority to act further in the action in which he is disqualified, except to arrange the calendar, regulate the order of business, call in another judge, or transfer the cause, if a transfer is proper. (Sec. 8868.)

(5) If there be more than one judge in the district, the one first disqualified in a given case must call in another judge of the same district. (Sec. 8868.)

(6) If all of the judges of a district are disqualified in a given case, a judge of another district must be called in to preside in the action. (Sec. 8868.)

When Judge Spencer was first disqualified in this case he should have called upon Judge Stong to preside in the action; but the record fails to disclose that any such order was made. It fails likewise to show that any rules have been adopted in the thirteenth judicial district for the apportionment of the business in the district between the two judges. In the [5] absence of such rules, each of the judges had all the power and authority concerning any business in the district that is conferred upon any judge in this state. Until April 25, when he was disqualified, Judge Stong had complete authority to do anything in this case which ought to have been done, including the settlement of the pleadings and the trial of the case (*State ex rel. Little* v. *District Court*, 49 Mont. 158, 141

Pac. 151), and likewise he had authority to invite Judge Miller to do the same things or any of them.   When Judge Stong was disqualified on April 25 he was without authority thereafter to act in this case, except to arrange the calendar, regulate the order of business, or call in another judge, and, since both of the judges were then disqualified, Judge Stong could call in any outside judge to whom he saw fit to extend an invitation.

It is unnecessary to decide whether Judge Spencer had authority on May 3 to call in Judge Jackson.   The fact is that Jackson appeared and presided in court when this cause was tried and judgment rendered and entered.   He then left the district and returned to his home in Butte.   When the motion to set aside the judgment came on for hearing on May 12, neither of the resident judges was qualified to hear it.   On May 11 Judge Stong invited Judge Miller to preside on May 12, and his authority to do so cannot be questioned.   It is conferred expressly by section 8868, above.   When Judge Miller responded to Judge Stong's invitation and presided in the district court of Carbon county on May 12, he was clothed with all the authority to act in this case which Judge Stong would have had if he had not been disqualified.

It is idle for plaintiff to contend that by virtue of the order [6] of May 3 Judge Jackson was given exclusive authority to hear and determine all matters involved in this controversy. If that contention should be granted it would lead to an absurd situation which the law does not contemplate and would not tolerate.   A motion to set aside a judgment taken by default is a proper proceeding expressly authorized by statute (sec. 9187, Rev. Codes 1921) and sanctioned by practice.   If, then, Judge Jackson were the only judicial officer in this state who could hear and determine that motion, and he should have been so unfortunate as to die or so improvident as to resign, the motion would have been suspended without the possibility of it ever being heard.   Such a situation is not possible.

It is altogether immaterial how comprehensive may have been the terms employed by Judge Spencer in calling in

Judge Jackson, or what Judge Stong may have contemplated that Judge Miller should do in this action. Neither of these local judges could by his invitation confer upon a visiting judge authority to act in this case except while such visiting judge was present in the thirteenth judicial district. (*Eustance v. Francis*, above.) When either Judge Jackson or Judge Miller left that district he left the business of the district and all control over it behind him, and could not by anything he did retain exclusive authority to return thereafter and complete whatever remained to be done. The exceptions to this general rule noted in *State ex rel. Mannix* v. *District Court*, above, have no application here.

This unseemly scramble for authority might have been obviated altogether by appropriate rules adopted pursuant to the provisions of section 8845, Revised Codes of 1921. Assuming, for the purposes of this appeal, that Judge Jackson had authority to preside in the district court of Carbon county on May 3, when this cause was tried and the judgment rendered, then whether Judge Miller should have presided therein on May 12 and set aside the judgment was a question addressed solely to Judge Miller's sense of propriety; but his authority to do what he did is beyond question.

The order is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES COOPER, GALEN and STARK concur.