STATE, APPELLANT, *v.* NILAN ET AL., RESPONDENTS.

(No. 5,848.)

(Submitted February 8, 1926. Decided February 11, 1926.)

[243 Pac. 1081.]

*Criminal Law—Record on Appeal—Appeal from Order Sustaining Demurrer to Information — Absence of Copy of Judgment—Dismissal of Appeal for Lack of Jurisdiction.*

1. The record on appeal in a criminal case must, among other things, contain the judgment-roll in which must be included a copy of the judgment. The state, on the theory that an objection of defendant to the introduction of evidence on the ground of the insufficiency of the information is in effect a demurrer to the information and an order sustaining a demurrer constitutes the judgment, attempted to appeal from such an order as from the judgment, but the record did not contain a copy of the order in the form of a minute entry, which in such a case constitutes the judgment. *Held,* that the supreme court was without jurisdiction to entertain the appeal.

[1] Criminal Law, 17 C. J., sec. 3290, p. 30, n. 68; sec. 3407, p. 121, n. 81; p. 122, n. 82, 83.

*Appeal from District Court, Lewis and Clark County; A. J. Horsky, Judge.*

ACTION against Walter J. Nilan and others. The State appealed from a judgment sustaining an objection of defendants to the introduction of evidence in support of allegations of the information and dismissing the action. Dismissed.

*Mr. L. A. Foot,* Attorney General, *Mr. I. W. Choate,* Assistant Attorney General, and *Mr. E. E. Collins,* Special Assistant Attorney General, for Appellant, submitted a brief; *Mr. Choate* argued the cause orally.

The state's appeal in this case is prosecuted under the provisions of subdivisions 1 and 4 of section 12108, Revised Codes of 1921, which read as follows: "An appeal may be taken by the state—1. From a judgment for the defendant on a

demurrer to the indictment or information: * * * 4. From an order made after judgment, affecting the substantial rights of the state.''

A judgment on an objection to the introduction of evidence on the ground that the information does not state an offense is in legal effect a judgment for the defendant on a demurrer and will be treated as such. This was decided by this court in *State* v. *Vinn,* 50 Mont. 27, 144 Pac. 773. (See, also, 31 Cyc. 760; *Conrad* v. *Howard,* 89 Mo. 217, 1 S. W. 212; *Shultz* v. *Jones,* 3 Okl. 504, 41 Pac. 400; *Rothe* v. *Rothe,* 31 Wis. 570; *Grannis* v. *Hooker,* 29 Wis. 65; *Hays* v. *Lewis,* 17 Wis. 210.) It therefore follows that since the defendants' objection to the introduction of evidence was equivalent to a demurrer the order of the court sustaining the objection was in effect a judgment for the defendants on a demurrer to the information and is, therefore, appealable by the state under subdivision 1 of section 12108, *supra.*

*Mr. Lester H. Loble, Mr. Carl Rasch* and *Mr. Wm. T. Pigott,* for Respondents, submitted a brief and argued the cause orally.

This court is without jurisdiction to entertain this appeal. The state is strictly limited by statute as to the cases wherein it may take an appeal. (Sec. 12108, Rev. Codes 1921.) It will be noted from the above section that there is no appeal from an order sustaining an objection to the introduction of testimony. And the appellant, seeking to avoid the situation it finds itself in, quotes liberally from *dicta* in the case of *State* v. *Vinn,* 50 Mont. 27, 144 Pac. 773; and yet, we fail to find in that case anything that would justify the expansion of that rule to the point where we could read into a statute on appeal the construction that is sought to be placed upon it.

In *State* v. *O'Brien,* 20 Mont. 191, 50 Pac. 412, it is said: ''We must grant the motion to dismiss the appeal. Section 2273 of the Penal Code expressly enumerates the grounds of an appeal

by the state, no authority is given under that or any other statute for an appeal from an order of the district court setting aside an information. The state cannot appeal except by express authority of the statute.'' (17 C. J. 41; *People* v. *Richter,* 131 Cal. 473, 45 Pac. 811, 812.)

The right of a state to appeal in a criminal action does not exist, unless conferred by the Constitution or the legislature, and then the right is restricted to such matters as are clearly within the express language of the enactment. (*State* v. *Morris,* 22 Mont. 1, 3, 55 Pac. 360; *United States* v. *Sanges,* 144 U. S. 310, 36 L. Ed. 445, 12 Sup. Ct. Rep. 609 [see, also, Rose's U. S. Notes]; *State* v. *Northrup,* 13 Mont. 522, 530, 35 Pac. 228.)

It is mentioned in appellant's brief that the right to appeal might lie in subdivision 4 of section 12108, as being an order after judgment, affecting the substantial rights of the state. But certainly the order made by the district court was not an order made after judgment.

## Opinion: PER CURIAM.

This is an attempted appeal by the state from a judgment of the district court of Lewis and Clark county sustaining an objection of the defendants to the introduction of evidence in support of the allegations of the information, and dismissing the action.

If the state has an appeal it is under the provisions of subdivision 1 of section 12108, Revised Codes of 1921, which provides, in part, that an appeal may be taken by the state from a judgment for the defendant on a demurrer to an information. The attorney general argues that the objection of the defendants to the introduction of evidence was in effect a demurrer to the information, and in support of this contention he relies upon *State* v. *Vinn,* 50 Mont. 27, 144 Pac. 773. On the other hand, the defendants assert that this court is without jurisdiction to entertain the appeal. The jurisdiction

of the court having been challenged, it is our duty to see whether we have in fact the right to proceed.

Section 11901, Revised Codes of 1921, provides: "Upon considering the demurrer, the court must give judgment, either allowing or disallowing it, and an order to that effect must be entered upon the minutes." The order sustaining the demurrer constitutes the judgment. (*State* v. *Libby Yards Co.*, 58 Mont. 444, 193 Pac. 394.) The statute here contemplates two acts: (1) giving judgment, and (2) entering the same upon the minutes; and an appeal will not lie until the judgment is entered. That this is so appears from the express language of section 12110, which declares: "An appeal may be taken by filing with the clerk of the court in which the judgment or order appealed from is entered or filed, a notice stating the appeal from the same, and serving a copy thereof upon the attorney of the adverse party."

The record on appeal in a criminal case, says the statute, shall consist of the judgment-roll as defined in section 12074 of the Code, a copy of the notice of appeal, and all bills of exception settled and filed in the case. (Sec. 12045, Rev. Codes 1921.) It is manifest that section 12045 must be construed with section 12074 and by reference to that section it is seen that the following papers constitute the judgment-roll: "1. The indictment, or information, and a copy of the minutes of the plea or demurrer. 2. A copy of the minutes of the trial. * * * 4. A copy of the judgment."

The transcript will be searched in vain for a copy of the judgment in this action. As no judgment appears in the record we are without jurisdiction to proceed, and therefore are not permitted to consider whether the action of the court in sustaining an objection to the reception of evidence was in legal effect a judgment for the defendants as upon a demurrer to the information. We have not overlooked *State* v. *Carmichael*, 62 Mont. 159, 204 Pac. 362. That case was decided upon the provision of section 9347, Revised Codes

of 1907, which section has been superseded by section 12045, *supra*.

The appeal is dismissed.

*Dismissed.*