13 P.(2d) 553

## HOFFMAN v. WHITE et al.

### No. 3724.

Supreme Court of New Mexico.

Aug. 1, 1932.

Hervey, Dow, Hill & Hinkle, of Roswell, for appellants.

O. E. Little, of Roswell, for appellee.

WATSON, J.

This appeal is from an order overruling a motion to vacate a final judgment, rendered in a cause pending in Chaves county, in the Fifth judicial district.

The ground of the motion was: "Said judgment was not signed by a judge in the fifth judicial district of the State of New Mexico, but was signed at Clovis, New Mexico, in the ninth judicial district * * * by Hon. Harry L. Patton, Judge of said district."

Appellants were defendants in the cause and had failed to plead. A clerk's certificate of such failure having been filed, counsel for plaintiff drafted a judgment and procured the clerk to send it to Judge Patton, with all papers in the case, including the note and mortgage sued on. At Clovis, in the Ninth district, Judge Patton, as "judge of the ninth judicial district * * * sitting and acting for, and at the request of Hon. G. A. Richardson, Judge of the fifth judicial district, * * *" signed the judgment. It was filed and entered of record the following day.

Appellee relies upon constitutional and statutory provisions and upon a written request of the resident judge, to sustain the validity of this proceeding.

N. M. Const. art. 6, § 15, provides: "Any district judge may hold district court in any county at the request of the judge of such district."

1929 Comp. St. § 105-801 provides: "Any judgment, or decree, except in cases where trial by jury is necessary, may be rendered by the judge of the district court at any place where he may be in this state. * * *"

Judge Richardson's request was as follows:

"Judge Harry L. Patton, presiding judge of the ninth judicial district of the State of New Mexico, is hereby requested by me to assist me with the business of the district court within and for the fifth judicial district of the State of New Mexico, beginning May 21, 1931, and continuing until the business is completed.

"Done at Roswell, New Mexico, this 20th day of May, 1931. G. A. Richardson, Judge of the Fifth Judicial District of the State of New Mexico."

We consider it settled that if this Chaves county judgment had been rendered at Clovis by Judge Richardson, it would have been good. Singleton v. Sanabrea, 35 N. M. 491, 2 P.(2d) 119.

We have held that the power of the resident judge to request another judge "to hold district court" includes the power of designation "to perform any judicial act." First State Bank of Alamogordo v. McNew, 32 N. M. 225, 252 P. 997, 999.

It would seem to follow that any judicial act which Judge Richardson might do, he could designate Judge Patton to perform.

The objection of appellants to this logical conclusion depends upon strict construction of Constitution and statute. Emphasizing the preposition "in," it is contended that the constitutional power of requested judges may be exercised only in the county where the litigation is planted. With emphasis on the article "the," it is contended that the statute authorizes the resident judge only to render judgment elsewhere than in the county of the litigation.

This would result that Judge Richardson, residing at Roswell, may there render judgment in a certain class of Eddy county cases, but that Judge Patton, residing at Clovis, and acting for Judge Richardson, must go to Carlsbad to do the same thing. Such result was probably foreign to the intent of the Constitution makers and legislators.

Under the general scheme of the Constitution, the district judges were to hold court and to perform such judicial acts as were required in and for their respective districts. The purpose of article 6, § 15, was to permit another than the resident judge to hold court and perform judicial acts. We perceive and can imagine no purpose to require the requested or designated judge to be present in the county to do what the judge in and for the district might do outside the county.

For the dispatch and economy of judicial business, the statute permits judgments to be rendered outside the county of the litigation. We do not interpret the expression "the judge of the district court" as meaning anything more than "district judges." The statute merely classifies the rendition of judgment in certain cases as an act of the judge, which he may perform anywhere in the state, rather than an act of the court duly sitting and attended.

Appellants' reliance for authority is on certain Montana decisions. In Wallace v. Helena Electric Railway Co., 10 Mont. 24, 24 P. 626, on rehearing 10 Mont. 31, 25 P. 278, the visiting judge, presiding in the court at the request of the resident judge, who was not absent or incapacitated, assumed to issue an injunction at chambers without having been designated for that purpose. In State ex rel. Mannix v. District Court, 51 Mont. 310, 152 P. 753, the visiting judge, presiding under a general designation, made an order in a pending cause which evidently came up in the regular course. After he had ceased to preside in that court, he assumed that, by reason of the order he had made, he had jurisdiction to continue to make orders in and to dispose of the cause. In Eustance v. Francis, 52 Mont. 295, 157 P. 573, the judge designated to try the particular case assumed to do in his own chambers, outside the county, what the resident judge could not have done in his chambers, within the county.

We have no occasion to question the correctness of any of these decisions, and we do not. Some language of the opinions suggests strict construction of Constitution and stat-

ute. We doubt if the expressions relied on by appellant had important bearing on the results. At any rate, we are already committed to the doctrine that, within the limits of the request or designation, the visiting judge has all the judicial powers of the resident judge.

The particular request here is that Judge Patton assist Judge Richardson with the business of the latter's district. From the time of this request until after rendition of this judgment, Judge Richardson was absent from the state. So, Judge Patton was not to try any particular case nor to hold any particular term of court. He was to attend to Judge Richardson's judicial business. If that business required his presence in Chaves county, Judge Patton must, of course, go there. But, if it was business that Judge Richardson himself could have attended to in Clovis, we think that Judge Patton could attend to it there.

Pointing to the expression "within and for," appellants suggest that Judge Richardson himself limited Judge Patton's power, requiring by inference that the latter come into the district to attend to any business. We are not so persuaded. In the first place, one district judge would not assume to direct another how to perform his judicial duties. In the second place, he probably could not legally do so. He could designate the business to be attended to, but how that business is to be attended to and how disposed of each judge will determine for himself, guided by the law. And, finally, we perceive nothing in the language used reasonably to suggest any such purpose.

We are constrained to affirm the judgment and to remand the cause. It is so ordered.

BICKLEY, C. J., and SADLER, J., concur.

PARKER and HUDSPETH, JJ., did not participate.