STATE EX REL. KING, RELATOR, v. DISTRICT COURT ET AL., RESPONDENTS.

(No. 7,200.)

(Submitted October 28, 1933. Decided November 18, 1933.)

[26 Pac. (2d) 966.]

*Mr. Dean King,* County Attorney of Flathead County, *pro se,* submitted a brief and argued the cause orally.

*Messrs. Walchli & Korn,* for Respondents, submitted a brief; *Mr. Hans Walchli* argued the cause orally.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

The county attorney of Flathead county during 1932 commenced a proceeding to remove A. N. Smith, a county commis-

sioner of that county, from office. In January, 1933, by stipulation between the county attorney and the attorneys for defendant, an amended accusation, called a second amended complaint, was filed. This document contains three counts: The first charges that defendant collected an illegal fee for a trip to Missoula to attend a convention of county commissioners; the second that defendant wrongfully collected various fees for viewing the highways on different dates extending over a period of one year; the third that defendant collected various amounts for mileage for attending pretended meetings of the board of county commissioners—meetings which the prosecutor alleges were held without authority of law, and therefore that the fees collected were illegal.

The court sustained the demurrer interposed by defendant to the first and second counts and overruled it as to the third. On March 14 the county attorney declined to amend as to the first and second counts, and moved to dismiss the third; the court denied the motion. On April 7 the county attorney demanded that the court set the proceeding for hearing "on all three causes of action at an early date," or, in case of the court's refusal to do so, that it "proceed upon the third cause of action" and render judgment in favor of the defendant, in order that an appeal might be taken from the judgment. The court on April 7 set the cause for trial on April 25, 1933, upon the third cause of action only, to which the county attorney objected, demanding that the cause "be tried on all three causes of action." In passing, we remark that we fail to see how the court could be expected to "proceed to trial" upon the first and second counts after the demurrer thereto was sustained, the prosecutor declining to amend. On April 13 counsel for the defendant asked that the default of the prosecutor be entered upon the first and second causes of action, and that was done. The next step in the proceeding was reached when the presiding judge, Honorable J. E. Rockwood, disqualified himself from acting further and set the cause for trial on May 24, 1933, before Honorable Asa L. Duncan, one of the judges of the fourth judicial district, "upon the third cause of action only."

On May 17 the county attorney served upon counsel for defendant and filed in the proceeding a motion wherein he (1) asked leave of the court to amend the second amended complaint by striking therefrom the third cause of action, (2) moved to dismiss the second amended complaint so far as the third cause of action only is concerned, (3) demanded that "said action proceed to trial upon the first cause of action and the second cause of action." On May 24 the court, Judge Duncan presiding, sustained the motion as to paragraphs 1 and 2 and denied it as to paragraph 3; accordingly, the third cause of action was dismissed without prejudice, and judgment was entered thereon for the defendant for his costs. On August 14 the relator again demanded of the court, Judge Rockwood presiding, that final judgment be rendered in order to permit him to appeal to the supreme court. This demand Judge Rockwood denied for the reason that he had disqualified himself in the action.

On October 10 the county attorney, as relator, applied to this court for a writ of mandate directing the district court of Flathead county and Honorable J. E. Rockwood, the presiding judge, either to proceed to trial upon the first and second causes of action or to render judgment thereon, in order that an appeal might be taken from the judgment. An alternative writ of mandate having been issued and served, the respondent court and judge appeared by motion to quash, tendering also an answer. Oral arguments were made and briefs filed in support thereof.

1. In the answer Judge Rockwood alleges that on the tenth day of May, 1933, he concluded that he had "an actual bias or prejudice in respect to said proceeding and deemed that it was unfair and improper to sit upon the trial of said cause," and therefore entered upon the minutes an order disqualifying himself. Such being the state of His Honor's mind, the action taken by him was eminently proper.

2. Having disqualified himself, it was then his duty to call in another judge to "appear and assume jurisdiction of the cause and of all matters and proceedings therein," in the lan-

guage of the statute, section 9098, subdivision 4, Revised Codes 1921. Judge Rockwood called in Judge Duncan, but assumed erroneously to limit Judge Duncan's authority to "the third cause of action only." Manifestly, a judge who is disqualified from proceeding in a cause may not limit the authority of the judge whom he calls in to sit in his stead. This is the necessary implication of the statutory language above quoted; but if there were any doubt, it would be resolved by the concluding sentence of subdivision 4, supra, which reads: "If such judge shall so appear he shall be vested with, and shall exercise, in said cause, all the authority of the judge of the district in which said action or proceeding may be pending."

Judge Duncan, however, went no further than to discharge the duty assigned to him by Judge Rockwood—that of trying the cause upon the third cause of action only. Judge Rockwood held the theory, as appears from the answer, that the court's order sustaining the demurrer to the first and second causes of action constituted a judgment, from which an appeal might have been prosecuted. (Sec. 11901, Rev. Codes 1921; *State* v. *Libby Yards Co.*, 58 Mont. 444, 193 Pac. 394.)

The trial court's theory is that, as a proceeding of this character is *quasi*-criminal (*State ex rel. Rowe* v. *District Court*, 44 Mont. 318, 119 Pac. 1103, Ann. Cas. 1913B, 396; *State ex rel. McGrade* v. *District Court*, 52 Mont. 371, 157 Pac. 1157; *State ex rel. Houston* v. *District Court*, 61 Mont. 558, 202 Pac. 756), it is to be governed by the rules of pleading and practice in criminal actions.

Suggestion has been made that it would be more nearly accurate to say that a proceeding of this nature is a special statutory one, rather than to give it an arbitrary classification. (*State ex rel. Payne* v. *District Court*, 53 Mont. 350, 165 Pac. 294; *State ex rel. Bullock* v. *District Court*, 62 Mont. 600, 205 Pac. 955.) But however it is characterized, we do not agree that the rules governing criminal pleading are applicable to a proceeding grounded, as is this, upon section 11702, which reads as follows: "When an accusation in writing, verified by the oath of any person, is presented to the district court, alleging

that any officer within the jurisdiction of the court has been guilty of knowingly, wilfully, and corruptly charging and collecting illegal fees for services rendered, or to be rendered, in his office, or has wilfully refused or neglected to perform the official duties pertaining to his office, the court must cite the party charged to appear before the court at a time not more than ten nor less than five days from the time the accusation was presented; and on that day, or some other subsequent day not more than forty days from the date on which the accusation was presented, must proceed to hearing, in a summary manner, or trial, upon the accusation and evidence offered in support of the same, and the answer and evidence offered by the party accused; provided, if the charge be for the charging and collecting of illegal fees or salaries, the trial must be by jury, if the defendant so demands, and conducted in all respects and in the same manner as the trial of an indictment for a misdemeanor, and the defendant shall be entitled, as a matter of defense, to offer evidence of, and the jury under proper instructions shall consider his good faith or honest mistake, if any be shown, and the value received by the state, county, township, or municipality against whom the charges or fees were made. If, upon such hearing or trial, the charge is sustained, the court must enter a judgment that the party accused be deprived of his office, and for such costs as are allowed in civil cases; and if the charge is not sustained, the court may enter a judgment against the complaining witness for costs as are allowed in civil cases."

As this court observed in *State ex rel. Payne* v. *District Court,* supra, the statute does not prescribe the rules of pleading. Reference to other sections in the chapter relating to "the removal of officers other than by impeachment" discloses that a wide liberality is allowed in this respect; indeed, it is contemplated that a layman may carry on the proceeding. (*State ex rel. Payne* v. *District Court,* supra.) As illustrative, it is provided that the accusation must state the offense charged in ordinary and concise language and without repetition. (Sec. 11689, Rev. Codes 1921.) The defendant may answer to the

accusation either by objecting to the sufficiency thereof, or of any article therein, or by denying the truth of the same. (Sec. 11692.) If he objects to the legal sufficiency of the accusation, the objection must be in writing, but need not be in any specific form, it being sufficient if it presents intelligibly the grounds of the objection. (Sec. 11693.) If he denies the truth of the accusation, the denial may be oral and without oath, and must be entered upon the minutes. (Sec. 11694.) The judgment contemplated in section 11702 is an ordinary one, such as is employed in practice in civil cases, incidentally carrying such costs as are allowed in civil cases.

By the provisions of section 11700, as amended by Chapter 141 of the Session Laws of 1931, page 304, an appeal may be taken to the supreme court by the plaintiff from a judgment in favor of the defendant, and by the defendant from a judgment removing him from office, which appeal shall be taken in the same manner as from a judgment in a civil action.

In order to bring to this court for review the action of the trial court in sustaining the demurrer to counts one and two, it is necessary to have judgment entered upon the order. In the meantime the matter remains in abeyance; finality has not been reached.

3. Relator's demands that Judge Rockwood render judgment after he had disqualified himself were useless. Rendering judgment in this proceeding is a judicial function which Judge Rockwood, after his disqualification, had no right to discharge. Moreover, an attempt on his part to do so would have involved a gross impropriety.

4. Despite the restrictive order of Judge Rockwood calling in Judge Duncan, the latter had the power to render judgment upon the order sustaining the demurrer to counts one and two, but he did not exercise it. On the contrary, he refused to do so, contenting himself with rendering judgment upon the order dismissing count three. Presumably he then returned to his own district. If he does not see fit to return to Flathead county and again assume jurisdiction of this cause, we think his function with respect thereto may be deemed

ended. He may not render judgment thereon within his own district. (*Rowan* v. *Gazette Printing Co.*, 69 Mont. 170, 220 Pac. 1104.) Whether in another proceeding he could be required to return to Flathead county to resume jurisdiction in this proceeding seems highly improbable, but certainly no such order can be made in this proceeding, to which he is not a party.

But relator is not without remedy. Judge Rockwood still has authority to call in a judge to render the necessary judgment. As relator does not ask for that relief, we might determine the application at bar upon that ground; but this is a public matter, carried on by the county attorney in his official capacity. We are not bound by the prayer of the relator, but may order such relief as the facts may warrant. The public is interested in having the proceeding to remove the defendant from his office as county commissioner determined. If, as alleged, he is an unfaithful officer, he should be removed; if the charge is unfounded, the accusation against him should be ended.

A writ will issue directing Judge Rockwood to call in Judge Duncan, or some other qualified judge, to render judgment upon the first and second counts of the accusation, or to take such other steps, and make appropriate orders respecting the same, as may be deemed adequate in the premises.

ASSOCIATE JUSTICES ANGSTMAN, MATTHEWS, STEWART and ANDERSON concur.