THE STATE OF MONTANA, Acting By and Through the STATE HIGHWAY COMMISSION of the State of Montana, Plaintiff and Appellant, v. JAMES CHAPMAN et al., Defendants and Respondents.

No. 11511.
Submitted Oct. 14, 1968.
Decided Nov. 1, 1968.
Rehearing Denied Nov. 20, 1968.

Harwood, Galles & Gunderson, Dale F. Galles (argued), Billings, for respondents.

K. M. Bridenstine (argued), Helena, for appellant.

MR. JUSTICE JOHN C. HARRISON delivered the Opinion of the Court.

The appellant State Highway Commission brings this appeal from a preliminary order of condemnation by the district court of the thirteenth judicial district limiting the amount of property sought to be appropriated by the State.

The real issue raised is whether under section 32-3905, R.C.M. 1947, the Highway Commission can acquire entire parcels or is it restricted to that which is "public use." The question before us is one of first impression in this Court.

Section 32-3905, R.C.M.1947, reads as follows:

"*Acquisition of whole parcel—sale of excess.* (1) Whenever any interest in a part of a parcel of land or other real property is to be acquired for highway purposes, leaving the remainder in such shape or condition as to be of little market value, or to give rise to claims or litigation over severance or other damage, the commission may acquire the whole parcel. It may sell or exchange the remainder for other property needed for highway purposes.

" (2) Whenever a part of a parcel of land acquired for highway purposes is in such a shape or size as to come within the provisions of section 11-614, the commission shall prepare and file the required plat in the office of the county clerk and recorder."

Judge Luedke described the property as follows:

"This is an action in which the Highway Commission seeks to acquire land to accomplish the rounding-off of the southwest corner of the intersection of First Avenue South and South 27th Street in Billings, Montana. The purpose is to provide greater and safer turning areas for heavy truck traffic. Defendants are the owners of the three lots which comprise this corner and on which are located a welding shop (having second-floor apartments), an office and a separate apartment building. The rear of the three lots is bounded by a public alley and some portions of two of the lots are utilized for private parking with the alley available as a mode of access thereto. Rounding-off the corner will necessitate cutting through a portion of the

welding shop and the office and will bring the right-of-way line so close to the apartment house as to leave very little setback from the highway. The structural nature of the welding shop building is such that the arc of the cut through the side walls will eliminate the entire front and one-half of one side of the building and require such extensive rebuilding as to almost be the equivalent of building a new structure. Even with that accomplished, the reduced size of the building and the loss of the front entrance thereto will render it unsuitable for the same use to which it is now being put. The same result may also exist as to the separate apartment house because the closer proximity of the highway to the building could destroy its desirability for residential habitation.''

The total area within the 3 lots was 10,500 square feet. The area actually needed by the Highway Commission to round off the corner came to 1,052 square feet leaving 9,448 square feet in the remainder. The remainder is therefore almost nine times the size of the actual taking. It is to this taking that the respondent objects, stating that if for no other purpose the land had ''a sentimental value'' to him.

The trial judge found that in the preliminary order of condemnation the taking was to be limited to that portion of the property actually needed for the proposed highway improvement.

The State Highway Commission in its appeal sets forth 3 issues for review:

1. The constitutionality of section 32-3905, R.C.M.1947.

2. The scope of review by the trial court of the Commission's resolution of taking.

3. That the preliminary order of the trial court limiting the amount of appropriation to that actually required for the construction of the city street improvements is not supported by the evidence; that a preponderance of the evidence at the hearing on the preliminary order of condemnation supports the entire taking of the whole ownership, a part of which is a financial

remnant of such condition so as to be of little market value and give rise to claims over severance or other damages.

In view of the trial court's well reasoned memorandum enlightening this Court on how he arrived at his decision, we will consider first the appellant's third issue. As noted by the appellant only four witnesses testified at the hearing, one for Mr. Chapman and three for the State, one of which was Mr. Chapman. In reviewing the evidence introduced at the hearing and subsequently set forth in the trial judge's memorandum opinion, we are at a loss to understand what more evidence could have been introduced. The only disagreement was the question raised concerning how the taking affected the separate apartment house. The Highway appraiser-negotiator's opinion was to the effect that the separate apartment house would remain intact and not be depreciated by the construction, while Mr. Chapman's view was to the contrary.

The appellant relies upon a recent California opinion where a like statute was upheld—People ex rel. Department of Public Works v. Superior Court of Merced County, 65 Cal.Rptr. 342, 436 P.2d 342. In considering this case it should be noted, as did the trial court, that there is a difference in the two statutes in that the California statute requires the remainder to be left be "of little value to its owner" while the Montana statute provides that the remainder be "of little market value". In asking this Court to follow the California court in the Merced County case, supra, the appellant argues that we should adopt the "financial remnant theory" and declare that "public use" and "public interest" are synonymous at the judicial review stage when the Commission's action on necessity is under consideration.

The language of the Montana constitution which is concerned here reads as follows:

"Private property shall not be taken or damaged for public use without just compensation having been first made to or paid into court for the owner." Art. III, Sec. 14.

■ This provision of our constitution is recognized as the restrictive power in condemnation in taking only for public use. See Butte, A. & P. Ry. v. Montana U. Ry. Co., 16 Mont. 504, 41 P. 232, 31 L.R.A. 298; Billings Sugar Co. v. Fish et al., 40 Mont. 256, 106 P. 565, 26 L.R.A., N.S., 973. As noted by the trial judge, Montana courts have not previously had occasion to declare the limits to which "public use" can be stretched in its application to the taking of lands in excess of that physically used for highway purposes.

■ Three theories have been set forth by the jurisdictions supporting excess taking, these being "protective", "recoupment", and "remnant". 6 A.L.R.3d 311-318. Our statute section 32-3905(1), R.C.M.1947, provides for the taking of a whole parcel whenever condemnation of a part actually needed leaves the remainder in such a shape or condition, (a) to be of little market value, or (b) to give rise to claims or litigation over severance or other damage. The facts here do not apply to the law set forth in (a) because there is no physical remnant in the usual sense and there is not a showing of a total loss of value. (b) purports to authorize the taking where the taking of a part of the parcel would give rise to claims or litigation over severance or other damages thereby broadening the "remnant" theory and raising serious constitutional questions. The trial court noted "The possibilities of coercion which could result from this unbridled authority in bargaining for highway lands are both awesome and of doubtful validity".

■ However, recognizing the problem created by the statute both the trial court and this Court recognize that the presumption of validity attends every legislative enactment and all possible doubts are to be resolved in favor of validity with such constitution given as will render them constitutional whenever possible.

The recent California case, People ex rel. Department of Public Works v. Superior Court of Merced County, supra, relied upon by the appellant upheld a similar constitutional

and statutory provision on the basis of the "remnant" theory principles. The California court stated:

"There is no reason to restrict this theory [remnant theory] to the taking of parcels negligible in size and to refuse to apply it to parcels negligible in value."

However, there the taking landlocked an area many times the size of the taking, and in the opinion of the majority of that court making the separate parcel valueless due to the complete loss of accessibility. There the excess land was considered a "financial remnant" although not a physical one. There the cost of condemning the entire parcel was no greater than the taking of the part needed and paying damages for the remainder. The court set forth the guidelines for what is a proper and an improper application of the statute as follows:

"We also hold, however, that it [the lower court] must refuse to condemn the property if it finds the taking is not justified to avoid excessive severance or consequential damages."

Judge Luedke noted in his memorandum:

"In the instant case, the excess land attempted to be taken is not landlocked by the taking of the portion actually needed. It is, therefore, distinguishable from the situation considered by the California decision. Assuming that the taking of the small parcel actually devoted to highway use totally destroys the land and existing improvements for their present use, the remaining land is not rendered valueless through nonacessibility since alley access exists from the rear as well as pedestrian access from the front and side. Additionally, it is not conclusive that its present use is the highest and best attributable to the site. In the circumstances, and accepting the California decision as controlling, the facts in this case bring the land involved within the limitation prescribed by the California court as an improper application of the statute. With the excess land retaining value as a separate parcel, it is not that type of property which the

Court can validly order to be condemned under the authority of Section 32-3905." We find no merit to the appellant's exception to the trial court's order.

■■ Concerning the second issue, the "scope of review" allowed the trial court under section 32-3905, R.C.M.1947, we find no merit to appellant's position that the trial court acted beyond its statutory powers. Relying on two recent cases on this Court—State Highway Commission v. Crossen-Nissen Co., 145 Mont. 251, 400 P.2d 283, and State by and through Highway Commission v. Danielsen, 146 Mont. 539, 409 P.2d 443, the appellant contends there was a lack of clear and convincing proof showing an abuse of discretion or arbitrary action on the part of the Commission as set forth in these cases. We believe that what was said in State Highway Commission v. Yost Farm Co., 142 Mont. 239, 384 P.2d 277, is controlling. There this Court said that under our statutes and case law on eminent domain, "the trial judge not only has the power to determine the question of necessity, but has been directed to make a finding that the public interest requires the taking of the lands before he has power to issue an order of condemnation."

■ We agree with the California court's position as set forth in the case of People ex rel. Department of Public Works v. Superior Court of Merced County supra, that the issue of public use is a justiciable issue, and if the trial court determines that the excess condemnation is not justified it must find that it is not for public use.

■ Having resolved the case within the provisions of the statute we do not deem it necessary to discuss the first issue. It is conceded that the Act is presumed to be valid and its constitutionality will not be condemned unless its invalidity is shown beyond a reasonable doubt. The burden of proving its invalidity rests upon the one attacking the statute. No such an attack has been made here.

The preliminary order of condemnation made by the trial court is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES ADAIR, HASWELL and CASTLES, concur.