No. 12168

IN THE SUPREME COURT OF THE STATE OF MONTANA

1972

---

THE STATE OF MONTANA ex rel. OB-GYN GROUP
OF BILLINGS, MONTANA, and ST. VINCENT'S
HOSPITAL,

Relators,

vs.

THE DISTRICT COURT OF THE THIRTEENTH JUDICIAL
DISTRICT OF THE STATE OF MONTANA in and for the
County of Yellowstone and the Honorable Nat Allen,
Presiding Judge,

Respondents.

---

ORIGINAL PROCEEDING:

Counsel of Record

For Relators:

Sandall, Moses and Cavan, Billings, Montana.
Charles F. Moses argued, Billings, Montana.
Crowley, Kilbourne, Haughey, Hanson and Gallagher,
Billings, Montana.
Bruce R. Toole argued, Billings, Montana.

For Respondents:

Hon. Robert L. Woodahl, Attorney General, Helena,
Montana.
Michael G. Alterowitz, Billings, Montana.

---

Submitted: December 6, 1971

Decided: FEB 28 1972

Filed: FEB 28 1972

_Thomas J. Kearney_
Clerk

Mr. John Conway Harrison delivered the Opinion of the Court.

This is an original proceeding seeking a writ of supervisory control, or other appropriate writ. Relators, The State of Montana, ex rel. Ob-Gyn Group of Billings, Montana, and St. Vincent's Hospital, allege that Hon. Nat Allen, presiding judge in the district court of the thirteenth judicial district, county of Yellowstone, in the case entitled Michael J. Crowley and Michele M. Crowley, Husband and Wife, Husband-Coached Lamaze Childbirth Association and Bob E. Hulit, M.D. v. St. Vincent's Hospital and Ob-Gyn Group of Billings, Montana, refused to disqualify himself upon the filing of an affidavit of disqualification more than fifteen days prior to the time set for trial. Relators contend that Judge Allen's order of denial was incorrect and there is no appeal from such order, except by an original proceeding in this Court where the legality of the order could be reviewed.

This Court heard counsel for the relators ex parte and on November 11, 1971, issued an alternative order to show cause, returnable December 6, 1971.

Judge Nat Allen filed a brief but on the return date did not appear or have counsel appear to argue the matter. Counsel for relators appeared on the return date and argued.

The facts set forth in Judge Allen's return brief are of import for they set forth his reasons for denying the disqualification. We set them forth in some detail for they point up a procedural problem of which this Court has long been aware, and one we feel must be worked out under the powers given this Court

by Chapter 16 of the Laws of Montana, 1963.

Judge Allen alleges he was called into the thirteenth judicial district to assume jurisdiction by the Hon. Robert H. Wilson on October 8, 1971; that the matter was set for nonjury trial on November 22, 1971; that at the request of all counsel he set all motions and the case for a pretrial hearing on October 27, 1971; and, that all parties appeared. The court heard and ruled on all motions made by plaintiffs, as well as a motion to dismiss and a motion to quash the temporary restraining order filed by the intervening defendants. At the close of the pretrial hearing, he denied the motions to dismiss and to quash the temporary restraining order. Thereafter on November 5, 1971, Charles F. Moses, Esq., on behalf of the intervening defendants filed an affidavit to disqualify him. Judge Allen further states he issued an order directing that the affidavit be stricken from the file and on November 10, 1971, he amended his order by stating in more particularity the basis for the order striking the affidavit of disqualification.

Judge Allen states the issue before this Court to be: Whether disqualification is valid after the parties consent to a determination of the major issues.

Counsel for relators states the issue to be: When does the trial begin, at the pretrial stage or can a disqualification be filed within the time allowed by statute -- fifteen days?

We think the latter issue is controlling. We are not unaware of the merit in the trial judge's argument that the purpose of statutory disqualification is to insure a fair trial;

and to use it to "feel out" a judge at a pretrial hearing is an abuse of the right by counsel. Here, we are not called upon to decide that issue for the filing was within the statutory period.

Heretofore this Court has followed the statute, Section 93-901(4), R.C.M. 1947, which reads as follows:

> "Cases in which judge may be disqualified -- calling in another judge. Any justice, judge, or justice of the peace must not sit or act as such in any action or proceeding:
>
> " * * *
>
> "4. When either party makes and files an affidavit as hereinafter provided, that he has reason to believe, and does believe, he cannot have a fair and impartial hearing or trial before a district judge. Such affidavit may be made by any party to an action, motion, or proceeding, personally, or by his attorney or agent, and shall be filed with the clerk of the district court in which the same may be pending.
>
> " * * * In all other cases the affidavit must be filed at least fifteen (15) days before the day appointed or fixed for the hearing or trial of any such action, motion, or proceeding (provided such party shall have had notice of the hearing of such action, motion, or proceeding for at least the period of fifteen (15) days and in case he shall not have had notice for such length of time, he shall file such affidavit immediately upon receiving such notice). * * *"

The case law in Montana has long recognized the right of disqualification. The reasons underlying the enactment of section 93-901, R.C.M. 1947, are fully set forth in In re Woodside-Florence Irr. Dist., 121 Mont. 346, 194 P.2d 241 and State ex rel. Peery v. Dist. Ct., 145 Mont. 287, 400 P.2d 648. See also Annotation, 73 ALR2d 1238.

As we have noted heretofore, Chapter 16 of the Laws of Montana, 1963 (Section 93-2801-1 - 2801-8, R.C.M. 1947) gave this Court the power to make rules governing civil procedure; and,

- 4 -

by processes set forth by our rules we intend to reexamine this procedural problem.

The writ of supervisory control is therefore issued directing the trial court to reinstate the affidavit of disqualification, and that a new judge be selected to proceed with the trial of the cause.

_____
                    Associate Justice

We concur:

_____

_____

_____
Associate Justices


Mr. Chief Justice James T. Harrison, deeming himself disqualified, took no part in this Opinion.