No. 12075

IN THE SUPREME COURT OF THE STATE OF MONTANA

1973

---

THE STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

JERALENE HENRICH,

Defendant and Appellant.

---

Appeal from: District Court of the Thirteenth Judicial District,
Honorable Robert Wilson, Judge presiding.

Counsel of Record:

For Appellant:

John L. Adams argued, Billings, Montana

Amicus Curiae
David J. Patterson argued, Missoula, Montana.

For Respondent:

Hon. Robert L. Woodahl, Attorney General, Helena,
Montana.
Jonathan B. Smith argued, Assistant Attorney General,
Helena, Montana.
Harold F. Hanser, County Attorney, Billings, Montana.

---

Submitted: March 27, 1973

Decided: APR 2 4 1973

Filed: APR 2 4 1973

Thomas J. Kearney
Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

This is an appeal from a final order of the Sentence Review Division of the Montana Supreme Court entered on November 16, 1972, in Deer Lodge, Montana.

Defendant, Jeralene Kye Henrich, was convicted by a jury in the district court of Yellowstone County on March 5, 1971, of the crime of manslaughter in connection with the death of her two year old stepson, Carl William Henrich, Jr. On March 19, 1971, the district court imposed a sentence of two years to be served in the Montana state prison at Deer Lodge, Montana, with the last year of the sentence suspended. This Court, on June 8, 1972, affirmed that conviction. State v. Henrich, 159 Mont. 365, 498 P.2d 124, 29 St.Rep. 445. Although this Court has power to modify sentences under section 95-2426, R.C.M. 1947, no issue was raised as to sentence on appeal and this Court did not consider the matter.

After affirmance of the judgment, defendant through counsel applied for review of the sentence by the Sentence Review Division of the Supreme Court under the provisions of section 95-2502, R.C.M. 1947.

Defendant was at all times represented by counsel and her case was reviewed by three district judges sitting as the Sentence Review Division. Their decision and order provides in pertinent part:

> "The sentence be increased to a term of five (5) years.
>
> "This court can see no therapeutic value to the sentence as it now stands. We feel the defendant is in need of extensive treatment and care. The best way to achieve this would be to increase the sentence to allow the defendant to receive the necessary treatment, guidance and training."

From that decision and order defendant brings this appeal, petitioning this Court to vacate the sentence of the Sentence Review Division.

In addition to being represented by her own counsel, a representative of the Montana Defender Project, Professor David J. Patterson of the University of Montana School of Law, was granted leave by this Court to file Brief Amici and argue orally on behalf of defendant, Jeralene Kye Henrich.

The decision and order of the Sentence Review Division was made pursuant to provisions of section 95-2503, R.C.M. 1947, which provides in pertinent part:

> "The review division shall, in each case in which an application for review is filed in accordance with 95-2502, review the judgment so far as it relates to the sentence imposed, either increasing or decreasing the penalty, and any other sentence imposed on the person at the same time, and may order such different sentence or sentences to be imposed as could have been imposed at the time of the imposition of the sentence under review, or may decide that the sentence under review should stand. * * * Time served on the sentence reviewed shall be deemed to have been served on the sentence substituted. The decision of the review division in each case shall be final and the reasons for such decision shall be stated therein."
> (Emphasis added.)

That the provisions of section 95-2503, R.C.M. 1947, grant to the Sentence Review Division the authority to increase as well as decrease sentences previously imposed is not challenged by either defendant or amicus. The issues presented on appeal concern the constitutionality of the statute and the action taken by the sentence review board. They contend that increasing defendant's previously imposed sentence is a violation of protections granted under the Fifth and Fourteenth Amendments of the United States Constitution and Article III, Sec. 27, of the Montana Constitution. Arguments presented encompass the three general legal principles of "double jeopardy", "due process of law" and "equal protection of law".

Section 95-2503, R.C.M. 1947, was enacted in 1967 and is identical, for purposes of this appeal, to section 51-196, General Statutes of Connecticut. The validity of the Connecticut statute was challenged in 1962 in Kohlfuss v. Warden of Connecticut State Prison, 149 Conn.692, 183 A.2d 626, 628, cert.den. 371 U.S. 928, 83 S.Ct. 298, 9 L ed 2d 235. There, petitioner Kohlfuss was

convicted of robbery and sentenced and thereafter applied for sentence review. The sentence review court increased his sentence from two to seven years, to three to seven years. The Connecticut Supreme Court in upholding the sentence increase said:

> "The prohibition against double jeopardy has been stated to mean, fundamentally, that no person shall be twice tried and punished for the same offense. [Citing cases]. In the federal courts, it has been held to be double jeopardy, and therefore violative of the fifth amendment to the federal constitution, for a trial court on its own initiative to increase the penalty once the execution of a valid sentence has begun. [Citing cases]. Where, however, the convicted person himself initiates further proceedings and they result in a heavier penalty, the federal courts do not hold it to be double jeopardy. [Citing cases]. * * *.
>
> "The jeopardy, so far as the sentence is concerned, is a single, continuing one, and any change in the sentence results from the sentenced person's own voluntary act. [Citing cases]."

See also: State v. Heyward, 152 Conn. 426, 207 A.2d 730; Anno. 168 ALR 706, 709.

Both defendant and amicus rely on North Carolina v. Pearce, 395 U.S. 711, 719, 89 S.Ct. 2072, 23 L ed 2d 656, in support of their constitutional contentions. In that case, Pearce was convicted of assault with intent to commit rape and sentenced to a term of twelve to fifteen years. That conviction was later reversed on the ground that an involuntary confession had been used against Pearce. Upon retrial Pearce was again convicted and sentenced to an eight year term, which when added to the time he had already served in prison, amounted to a longer total sentence than that originally imposed. The United States Supreme Court upheld the federal district and circuit courts in reversing the second state conviction. The United States Supreme Court held that the constitutional guarantee against multiple punishment provided by the double jeopardy clause of the Fifth Amendment requires that punishment already exacted be credited upon resentencing and that the due process clause of the Fourteenth Amendment precludes vindictiveness of a trial judge from

playing any part in a resentencing and consequently affirmative findings must be included to support an order augmenting the original sentence.

Section 95-2503, R.C.M. 1947, specifically provides:

"Time served on the sentence reviewed shall be deemed to have been served on the sentence substituted."

It appears obvious that the rule of Pearce in this regard has been followed in the instant case.

Section 95-2501, R.C.M. 1947, specifically provides:

"No judge shall sit or act on a review of sentence imposed by him."

It likewise appears obvious that vindictiveness of the trial judge cannot play a part in resentencing under the Montana sentence review statutes.

Section 95-2503, R.C.M. 1947, specifically provides:

"The decision of the review division in each case shall be final and the reasons for such decision shall be stated therein."

Although the Sentence Review Division is required by statute to issue a statement of reasons for its action, it appears doubtful that there is any further requirement imposed under federal constitutional law precedent to issue any statements or findings. This question was recently considered in Robinson v. Warden, Maryland House of Correction, 455 F.2d 1172, 1176 (4th Cir. 1972), where that court stated:

"The very purpose of sentence review is to reconsider and reevaluate information bearing on the appropriateness of the prisoner's punishment. Ideally, review should quickly follow sentencing, and it is not designed to examine a defendant's conduct in the interim. Therefore, the sanction fashioned in Pearce to assure due process is inappropriate for sentence review."

See also: Walsh v. Picard, 446 F.2d 1209 (1st Cir. 1971).

The majority opinion in Pearce left no room for doubt as to the lack of an absolute constitutional bar to the imposition of an increased sentence upon retrial, stating:

- 5 -

"Long-established constitutional doctrine makes
clear that, beyond the requirement already discussed,
[credit for time previously served on the same of-
fense], the guarantee against double jeopardy imposes
no restrictions upon the length of a sentence imposed
upon reconviction.

"* * * To hold to the contrary would be to cast doubt
upon the whole validity of the basic principle enun-
ciated in United States v. Ball, [163 U.S. 662, 16 S.Ct.
1192, 41 L.Ed. 300], and upon the unbroken line of deci-
sions that have followed that principle for almost 75
years. We think those decisions are entirely sound, and
we decline to depart from the concept they reflect.

"The other argument advanced in support of the propo-
sition that the Constitution absolutely forbids the
imposition of a more severe sentence on retrial is
grounded upon the Equal Protection Clause of the Four-
teenth Amendment. * * * The argument, while not lacking
in ingenuity, cannot withstand close examination. * * *
It simply cannot be said that a State has invidiously
'classified' those who successfully seek new trials,
any more than that the State has invidiously 'classified'
those prisoners whose convictions are not set aside by
denying the members of that group the opportunity to
be acquitted. To fit the problem of this case into an
equal protection framework is a task too Procrustean to
be rationally accomplished.

"We hold, therefore, that neither the double jeopardy
provision nor the Equal Protection Clause imposes an
absolute bar to a more severe sentence upon reconvic-
tion." (Emphasis added.)

Bearing in mind that the nature of a voluntary legislative
created sentence review system is fundamentally different from
the constitutionally created right to appeal criminal convictions,
we find no constitutional law precedent established in Pearce
which favors the arguments of amicus with regard to double jeopardy
or equal protection. In State v. Fissette, 159 Mont. 501, 498 P.
2d 1208, 29 St.Rep. 580, this Court recognized that there is no
absolute prohibition upon the imposition of an increased sentence.

Concerning the due process argument, it is contended that
the authority conferred upon the Sentence Review Division under
section 95-2503, R.C.M. 1947, has a "chilling effect" on prisoners
applying for sentence review, except in the case of those prisoners
who have received maximum sentences. However, amicus in his oral
argument admitted this is the first instance in over 300 applica-
tions before the Sentence Review Division in which a sentence has
been increased. Amicus also acknowledged in his brief that the

state, upon informing defendant of her right of sentence review created under Montana statute, warned her that an increased sentence was possible. It should also be noted that in the comment of the Criminal Law Commission published with the applicable statute, it is noted that the sentence may be increased on appeal.

In Robinson v. Warden, Maryland House of Correction, 455 F.2d 1172, 1177, the court considered an analogous due process issue in light of the United States Supreme Court ruling in Pearce:

> "Pearce's ruling on due process is, however, not altogether inapplicable to sentence review. Though a state need not provide sentence review, if it does, it may not discourage applications for relief by vindictively imposing harsher sentences on those who exercise their statutory right. The enlightened policy of a legislature cannot be thwarted in this manner by a reviewing court. But there is in this record no suggestion that the state acted vindictively. Robinson has not shown that the 15-year sentence he received on review is excessive when compared to sentences imposed under similar circumstances. Nor does he point to a pattern of increased sentences from which one might infer an intent on the part of review panels to chill applications for relief.

> "Pearce stops short of holding the due process clause is violated by every increased sentence on retrial, and we believe that its ruling should not be extended to absolutely prohibit a review panel from imposing an increased sentence. We conclude, therefore, that the statute on its face, and as it was applied in this case, does not violate the due process clause of the fourteenth amendment."

In the instant case defendant has not shown her sentence to be excessive or disproportionate; she has shown no indication of malice or vindictiveness toward her; she has shown no pattern of increased sentences imposed by the Sentence Review Division effectively chilling applications.

Here, we note that there is in Montana a presumption of constitutional validity attendant upon every legislative enactment. State v. Chapman, 152 Mont. 79, 446 P.2d 709; Parker v. County of Yellowstone, 140 Mont. 538, 374 P.2d 328. The burden of demonstrating violation of constitutional principles is incumbent on the petitioner. This burden has not been met. We find the powers conferred on the Sentence Review Division under section 95-2503, R.C.M. 1947, do not violate the constitutional guarantee against

- 7 -

multiple punishment provided in the double jeopardy clause of the Fifth Amendment, or the equal protection clause, or of the due process clause of the Fourteenth Amendment of the United States Constitution; or of due process of law as guaranteed under Article III, Sec. 27 of the Montana Constitution. We further find the action of the Sentence Review Division in defendant's case was neither malicious, vindictive nor violative of her rights.

Although the Sentence Review Division is not required by federal or state precedent to issue a statement of findings, it is required by Montana statute to issue reasons. The Sentence Review Division did comply in issuing the statement, hereinabove quoted, concerning the petitioner's need for treatment, guidance and training. As stated in North Carolina v. Pearce, 395 U.S. 711, 723, 89 S.Ct. 2072, 23 L ed 2d 656, this action of the Sentence Review Division was:

> "* * * consonant with the principle, fully approved in Williams v. New York, [337 U.S. 241, 69 S.Ct. 1079, 93 L Ed 1337], that a State may adopt the 'prevalent modern philosophy of penology that the punishment should fit the offender and not merely the crime.'"

The petition is denied and the decision and order of the Sentence Review Division is affirmed.

_____
Associate Justice

We Concur:

_____
Chief Justice

_____

_____
Associate Justices

_____
Hon. Edward T. Dussault, District
Judge, sitting for Associate Justice
Castles.