No. 13006

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

---

THE STATE OF MONTANA, ex rel
JERRY LEE LANE,

Relator,

-vs-

THE DISTRICT COURT OF THE FOURTH JUDICIAL
DISTRICT OF THE STATE OF MONTANA, IN AND
FOR THE COUNTY OF MISSOULA, and THE HONORABLE
GARDNER BROWNLEE, a District Court Judge thereof,

Respondents.

---

ORIGINAL PROCEEDING:

Counsel of Record:

For Relator:

Hon. Robert L. Woodahl, Attorney General,
Helena, Montana
Lon Maxwell argued, Assistant Attorney General,
Helena, Montana
Goldman, McChesney and Eck, Missoula, Montana
Harold L. McChesney argued, Missoula, Montana

For Respondents:

Garlington, Lohn and Robinson, Missoula, Montana
Gary L. Graham argued, Missoula, Montana

---

Submitted: April 28, 1975

Decided: MAY 1 2 1975

Filed: MAY 1 2 1975

*Thomas J. Kearney*
Clerk

Mr. Justice Wesley Castles delivered the Opinion of the Court.

This is an original proceeding wherein the relator seeks a writ of mandamus to direct the district court and the judge thereof, the Honorable E. Gardner Brownlee, of the fourth judicial district, Missoula County, to call in a district judge to preside and to prohibit the respondent judge from presiding in further matters in Missoula County cause No. 40723, Lane v. New York Life Insurance Company.

Relator, as plaintiff, filed an affidavit of disqualification of the respondent judge. Judge Brownlee made an order quashing the affidavit and set the case for trial. In the order quashing the affidavit for disqualification, insofar as the issues here are concerned, the district judge gave as his reasons that section 93-901(4), R.C.M. 1947, [the so-called fair trial law or the disqualification statute] was unconstitutional under the 1972 Montana Constitution. Those reasons are the issues raised in this original proceeding and may be stated:

(1) Does the Judicial Standards Commission provided for by Article VII, Section 11 of the 1972 Constitution, supplant the fair trial law in that Section 6 of the Transition Schedule provides:

> " * * * All laws, ordinances, regulations and rules of court not contrary to, or inconsistent with, the provisions of this Constitution shall remain in force, until they shall expire by their own limitation or shall be altered or repealed pursuant to this Constitution."

Respondent then reasons that the converse is true and that section 93-901(4) is inconsistent with the 1972 Constitution and thus repealed.

(2) That Article VII, Section 2 of the 1972 Montana Constitution grants the Supreme Court power to adopt rules, and the Supreme Court has not done so.

(3) That district judges are without power to call in

- 2 -

other judges to hear cases from which they have been disqualified, in that only the Chief Justice under Article VII, Section 6(3) may do so.

As to the first issue, Article VII, Section 11 of the 1972 Montana Constitution provides:

> "Section 11. Removal and discipline. (1) The legislature shall create a judicial standards commission consisting of five persons and provide for the appointment thereto of two district judges, one attorney, and two citizens who are neither judges nor attorneys.
>
> "(2) The commission shall investigate complaints, make rules implementing this section, and keep its proceedings confidential. It may subpoena witnesses and documents.
>
> "(3) Upon recommendation of the commission, the supreme court may:
>
>> "(a) Retire any justice or judge for disability that seriously interferes with the performance of his duties and is or may become permanent; or
>>
>> "(b) Censure, suspend, or remove any justice or judge for willful misconduct in office, willful and persistent failure to perform his duties, or habitual intemperance."

Sections 93-718 through 93-728, R.C.M. 1947, implement Section 11 of Article VII of the 1972 Constitution by creating a judicial standards commission to initiate an investigation of any judicial officer of the state upon good cause shown by a verified written complaint filed by any citizen of the state with the commission. The convention note to Section 11, Article VII, states the purpose of the new constitutional provision.

> "New provision. A judicial standards commission may investigate whenever a judge, because of disability or bad habits, does not perform his duties properly. The commission can recommend to the supreme court that the judge be retired, censured, suspended or removed."

The presumption of validity attends every legislative enactment and the burden of proving invalidity of a statute rests upon one attacking the statute. See State v. Henrich, 162 Mont. 114, 509 P.2d 288; State v. Parker, 161 Mont. 394, 506 P.2d 850;

and State Highway Commission v. Chapman, 152 Mont. 79, 446 P.2d 709.

Section 6 of the 1972 Montana Constitution transition schedule provides:

> "Section 6. General transition. (1) * * * All laws, ordinances, regulations, and rules of court not contrary to, or inconsistent with, the provisions of this Constitution shall remain in force, until they shall expire by their own limitation or shall be altered or repealed pursuant to this Constitution."

The following convention note states:

> "Unless the proposed constitution specifically changes a law it will not affect any rights or duties or the validity of contracts, bonds, etc. * * *"

Neither Article VII, Section 6, of the 1972 Montana Constitution nor statutes implementing it, specifically change the existing statutory or decisional law upholding the right of a party or litigant, personally, or through his attorney, to disqualify a district judge by filing an affidavit of disqualification.

On July 16, 1973, this Court adopted this order:

> "Under Art. VII, Sec. 2, Constitution of the State of Montana of June 6, 1972, this Court adopts all of its rules of appellate procedure, practice and procedure for all other courts, admission to the bar and the conduct of its members, those legislative acts appearing in R.C.M. 1947 and Montana Rules of Civil Procedure and Montana Rules of Appellate Procedure, and Rules for Admission to the Bar and Canons of Ethics as they were published, adopted and in effect as of July 1, 1973, or to become effective by legislative action with approval of the Governor at a later date as those actions appear in the Session Laws of 1973."

This Court's decision in State ex rel. Peery v. District Court of the Fourth Judicial District, 145 Mont. 287, 400 P.2d 648, wherein Judge Brownlee was one of the respondents, confirms the constitutionality of section 93-901(4), R.C.M. 1947, in light of the 1889 Montana Constitution. Montana cases are uniform in holding that upon the filing of a timely affidavit of disqualifi-

cation (15 days before date set for trial, pursuant to section 93-901) the presiding judge must relinquish jurisdiction and call in another judge. See: Peery v. District Court, supra; Washoe Copper Co. v. Hickey, 46 Mont. 363, 128 P. 584; Rowan v. Gazette Printing Co., 69 Mont. 170, 220 P. 1104; State ex rel. OB-GYN Group v. Dist. Court, 159 Mont. 1, 494 P.2d 931. Section 93-901, R.C.M. 1947, further provides for the calling in of a judge from the same judicial district, upon the filing of the initial affidavit of disqualification.

Relator's first and second issues have been answered contrary to respondent's position.

As to the third issue:

The 1889 Montana Constitution provided, in Article VIII, Section 12:

" * * * Any judge of the district court may hold
court for any other district judge, and shall do
so when required by law."

The 1972 Montana Constitution provides, in Article VII, Section 6(3):

"The chief justice may, upon request of the
district judge, assign district judges and other
judges for temporary service from one district
to another, and from one county to another."

The intent of the framers, in using the language quoted from the 1972 Montana Constitution, is evidenced by the following excerpts from the Transcript of Proceedings: Montana Constitutional Convention, pp. 3344, 3349, 3350, 3351. [Bracketed materials are supplied to clarify references not apparent from the text.]

"DELEGATE BERG: I should only comment upon that
change [amendment which provided the above-quoted
language in subsection 3] that it was felt that a
chief justice ought not to be able to assign
district judges, in effect, willy-nilly around
the state; that it could be open to possible abuse.
The real need arises when there is heavy congestion
in one district court, and therefore, upon the re-
quest of that district judge, the supreme court
chief justice may assign any other judge in there

- 5 -

to assist him in the clean up of his work.  That
is the reason for this ad hoc amendment.

" * * *

"DELEGATE McNEIL:  Mr. Berg, the additional
language that you've inserted in the last
paragraph that the chief justice may, upon
request -- I question is, upon request of
whom?

"DELEGATE BERG:  We thought the amendment was
quite clear that it was upon the request of the
district judge, or the judge that may be asking
for assistance.  That was the intent of the ad
hoc committee.

"DELEGATE McNEIL:  Is that upon the request of
the judge to be assigned, or upon the request
of the judge desiring assistance?

"DELEGATE BERG:  The one desiring assistance.  We
thought that would be clear from the nature of
the language.

" * * *

"DELEGATE DAVIS:  Mr. Berg.  The last paragraph
provides a chief justice may, upon request,
assign and etc.  Do you thereby intend to exclude
the present system where the judge of a district
court may hold court for any other district judge
between themselves?

"DELEGATE BERG:  No, we purposely left this with
a permissive may.  We did not intend to in any way
effect the present system, which is statutory, on
the method of calling in other judges upon dis-
qualification.  [Emphasis supplied.]

"DELEGATE DAVIS:  For the sake of the journal we're
making, and the record now, they can still do it
as they are presently doing it, if they wish.

"DELEGATE BERG:  Yes, we consider the present
voluntary system to be very adequate, but we felt
that there may be a situation arise where the
judge in one city or another, may be overwhelmed,
and he could request appointment by the supreme
court.

"DELEGATE DAVIS:  Thank you, Mr. Berg.

"CHAIRMAN GRAYBILL:  Mr. Melvin.

"DELEGATE MELVIN:  For the information of Delegate
Davis and the lay people, the court indicated that
this was entirely proper, and that the present
system was working very well."

The members of the Committee of the Whole then unanimously

- 6 -

voted to recommend the section, as amended, for adoption.

It is apparent then that a writ should issue directing Judge Brownlee to call in another judge.

Attorney fees in the amount of $500 and costs are allowed pursuant to section 93-9112, R.C.M. 1947, as a cost against Missoula County.

_____
                                  Justice

We concur:

_____
Chief Justice

_____

_____
Justices

_____
Hon. Robert Nelson, District
Judge, sitting in place of Mr.
Justice Frank I. Haswell.

- 7 -